(743 P.2d 1011)
No. 60,394

STATE OF KANSAS, *Appellee,* v. BRUCE M. DEAVOURS, *Appellant.*

Petition for review denied November 13, 1987.

Opinion filed October 8, 1987.

*Terry Pullman,* of Pullman & Hepperly, of Wichita, and *Lucille Marino,* assistant appellate defender, and *Benjamin C. Wood,* chief appellate defender, of Topeka, for the appellant.

*Mona Furst,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before ABBOTT, C.J., DAVIS and SIX, JJ.

ABBOTT, C.J.: This is a direct appeal by defendant, Bruce M. Deavours. Defendant pled guilty to arson (K.S.A. 21-3718) and appeals the trial court's refusal to modify his sentence.

Defendant was sentenced to imprisonment for three to ten years, the minimum term for a class C felony. K.S.A. 1986 Supp. 21-4501(c). Probation was denied. After the State Reception and Diagnostic Center (SRDC) submitted its report to the trial court, defendant filed a motion to modify his sentence, requesting that the SRDC recommendation of probation be followed. The court refused to modify the sentence by granting probation, and defendant appeals that refusal.

We do not have jurisdiction to hear a direct appeal concerning the denial of probation. K.S.A. 1986 Supp. 22-3602(a); *State v. Hamilton,* 240 Kan. 539, 731 P.2d 863 (1987); *State v. Haines.* 238 Kan. 478, 712 P.2d 1211 (1986). However, a direct appeal is allowed concerning the sentence imposed. *State v. Hamilton,*

240 Kan. at 540; *State v. Harrold,* 239 Kan. 645, 722 P.2d 563 (1986).

Defendant has couched his appeal as one from the original sentence and denial of his motion for modification thereof. He was sentenced to the minimum prison term for a class C felony and, under K.S.A. 1986 Supp. 21-4603(3), any modification of sentence must stay within the statutory limits for the offense. *Barr v. State,* 8 Kan. App. 2d 173, 175, 651 P.2d 975, *rev. denied* 232 Kan 875 (1982). A sentence can be reduced below the statutory minimum term with a recommendation from the Secretary of Corrections (K.S.A. 1986 Supp. 21-4603[4]), but no such recommendation is present in this case. Absent a recommendation from the Secretary of Corrections, a motion to modify a *minimum* sentence would necessarily operate as a request for probation. The court's refusal to modify the sentence is a denial of probation from which no direct appeal may be taken under *State v. Hamilton,* 240 Kan. 539. See *State v. Van Cleave,* 239 Kan. 117, 123, 716 P.2d 580 (1986), where it was noted that if defendant's appeal from a minimum sentence was an attack on the trial court's failure to grant probation rather than an attack on the sentence, the court would lack jurisdiction.

Dismissed for lack of jurisdiction.