(808 P.2d 440)

No. 65,280

STATE OF KANSAS, *Appellee*, v. CLINTON WAYNE BRUNER, *Appellant.*

Opinion filed March 22, 1991.

*Jessica R. Kunen*, chief appellate defender, for the appellant.

*Ellen Mitchell*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before DAVIS, P.J., RULON and PIERRON, JJ.

DAVIS, J.: This is a direct criminal appeal from a minimum sentence imposed after Clinton Wayne Bruner entered a plea of nolo contendere to the charge of aggravated battery, a class C felony. K.S.A. 21-3414. He appeals from the sentence imposed, claiming that the trial court abused its discretion because it failed to adequately consider K.S.A. 21-4606(2) factors. We raise the issue whether we have jurisdiction to hear what appears to be a direct appeal from a denial of probation. We conclude that we do have jurisdiction and affirm.

## Jurisdiction

Kansas appellate courts have frequently considered the issue of a criminal defendant's right to appeal following entry of a guilty plea or a nolo contendere plea. The decision whether to grant probation is exclusively a function of the trial court pursuant to

K.S.A. 1990 Supp. 21-4603 and, as a general rule, a decision denying probation is not subject to appellate review. *State v. VanReed*, 245 Kan. 213, 215, 777 P.2d 794 (1989). *VanReed* further notes that:

"In *State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), *rev'd on other grounds State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), we specifically held that K.S.A. 22-3602(a) precludes a direct appeal of a denial of probation following a guilty or nolo contendere plea. In *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 863 (1987), we explicitly reaffirmed *Haines* to the extent that it held that one who pleads guilty or nolo contendere may not appeal from a denial of probation." 245 Kan. at 215.

Unlike *VanReed*, the defendant in this case was sentenced for a class C felony, a crime not involving a presumptive sentence of probation or assignment to a community corrections program. *VanReed* creates an exception to the general rule that there is no right of direct appeal from a denial of probation following a plea of guilty or nolo contendere in those circumstances to which a statutory presumption of probation applies. *State v. VanReed*, 245 Kan. 213, Syl. ¶ 4.

The defendant nevertheless argues in this case that he is entitled to appeal the imposition of a minimum sentence following a nolo contendere plea.

To understand the distinction the defendant draws, it becomes necessary to review decisions involving the jurisdictional question we are asked to resolve. In *State v. Green*, 233 Kan. 1007, 666 P.2d 716 (1983), *overruled State v. Haines*, 238 Kan. 478, 712 P.2d 1211 (1986), the Kansas Supreme Court examined K.S.A. 22-3602(a), which provides in relevant part that a criminal defendant cannot appeal "from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere." The court recognized a difference between appeals from convictions after a guilty or nolo contendere plea and appeals from sentences imposed. The court concluded that a defendant may appeal from a sentence imposed after a plea of guilty or nolo contendere. *Green*, 233 Kan. at 1011.

In *State v. Haines*, 238 Kan. 478, 479, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), the court held that, under K.S.A. 22-3602(a), a defendant may not appeal the sentence or denial of

probation after a guilty or nolo contendere plea. However, the court subsequently overruled a portion of *Haines*, holding that K.S.A. 22-3602 does not preclude a defendant who pleads guilty or nolo contendere from directly appealing the sentence imposed. *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 (1986). In *Harrold*, the court stated that the defendant was appealing from the sentence imposed, not from a denial of probation. Thus, the jurisdictional issue was not considered. 239 Kan. at 649.

In *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 863 (1987), the court specifically affirmed the rule from *Haines* that no direct appeal may be taken from a denial of probation after a plea of guilty or nolo contendere. *Hamilton* involved a direct appeal from defendant's sentence after a guilty plea, but the trial court had imposed a longer than minimum sentence.

On the same date the court filed *Hamilton*, it also filed *State v. Bennett*, 240 Kan. 575, 731 P.2d 284 (1987). *Bennett* was also a direct appeal of sentences imposed after a plea of guilty, but the sentences imposed were minimum sentences. 240 Kan. at 577. The court made the following statement regarding its jurisdiction to hear the case:

"The State argues this court has no jurisdiction to hear this appeal pursuant to *State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), because the defendant fails to allege that the sentence is the result of partiality, prejudice, or corrupt motive.

"*State v. Haines*, 238 Kan. 478, was overruled in part by *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), which was decided after the parties' briefs were submitted. In *Harrold*, a majority of this court held that, pursuant to K.S.A. 22-3602(a), a direct appeal may be taken from a sentence imposed when the defendant pleads guilty or nolo contendere. This court further held that it is not necessary to allege the sentence is the result of partiality, prejudice, or corrupt motive in order to present a justiciable issue. 239 Kan. at 649. Therefore, this court does have jurisdiction to hear the defendant's challenges to the sentence imposed." *Bennett*, 240 Kan. at 576-77.

While the court did not hold that the defendant could directly appeal from the imposition of a minimum sentence after a plea of guilty or nolo contendere, it did in fact allow the appeal. We are presented in this case with exactly the same situation.

This court, in *State v. Deavours*, 12 Kan. App. 2d 361, 743 P.2d 1011, *rev. denied* 242 Kan. 904 (1987), held that an appeal

from a denial of a motion to modify a minimum sentence after a plea of guilty was prohibited. *Deavours,* however, may be distinguished from *Bennett* in that the defendant in *Deavours* appealed from a denial of a motion to modify a minimum sentence. Under these circumstances, we concluded that defendant's attempted appeal was equivalent to an appeal from a denial of probation.

The question we face here, which *Bennett* did not directly address, is whether an appeal may be taken from a minimum sentence imposed not involving presumptive probation after a guilty plea or nolo contendere plea when defendant challenges the imposition of the sentence rather than denial of probation or denial of a motion to modify the minimum sentence. We conclude that the defendant may appeal under these circumstances because his challenge is to the "sentence imposed." *Bennett,* 240 Kan. at 576-77.

We implied in *Deavours* that there was a distinction between an appeal from denial of probation and imposition of sentence, stating: "See *State v. Van Cleave,* 239 Kan. 117, 123, 716 P.2d 580 (1986), where it was noted that if defendant's appeal from a minimum sentence was an attack on the trial court's failure to grant probation rather than an attack on the sentence, the court would lack jurisdiction." 12 Kan. App. 2d at 362. Conversely, though not stated, the court would have jurisdiction if the appeal challenged the sentence imposed.

We recognize that the trial court has no power to impose a sentence below the minimum. Thus, even an appeal from a minimum sentence invokes the question of whether this is in actuality an appeal from a denial of probation. It would seem that an appeal from the imposition of a minimum sentence necessarily involves the trial court's refusal to grant probation. Yet, an appeal from the imposition of sentence directly questions the discretion exercised by the trial court.

As long as trial courts have discretion in sentencing criminal defendants, questions will arise regarding how that discretion was exercised. Trial courts are required by statute to consider those factors set forth in K.S.A. 21-4606. Allowing appeals from even a minimum sentence will insure that criminal sentences are imposed in accord with K.S.A. 21-4606(2).

We therefore hold that we have jurisdiction to hear appeals from the imposition of minimum sentences not involving presumptive probation after a plea of guilty or nolo contendere.

### The Sentence

The defendant argues that the court abused its discretion in not giving appropriate weight to the sentencing factors in K.S.A. 21-4606(2). When a sentence is imposed within the statutory limits, it will not be disturbed on appeal "provided it is within the realm of discretion on the part of the trial court and not a result of partiality or prejudice." *State v. Hamilton*, 240 Kan. at 540. In this case, the penalty imposed was within the statutory limits. While it is helpful if a court specifically lists the factors considered, failure to do so is not necessarily an abuse of discretion. Each case must be considered on its own facts. *State v. Harrold*, 239 Kan. at 650.

Our review of the transcript of the sentencing supports the conclusion that the trial court considered most, if not all, of the sentencing factors listed in K.S.A. 21-4606(2). The court found that the defendant had a prior criminal record and continued to violate the law. The harm caused to the victim was serious and there was no indication that the defendant had any thought of how much injury he might cause the victim. Although there might have been some provocation, the court did not believe the victim's actions justified such a violent retaliation. The court stated it would consider that there was some provocation and factor that into the ultimate sentence.

The presentence investigation recommended the imposition of a maximum sentence, but the court chose to impose only the minimum sentence. The court also considered the defendant's ability to make restitution and concluded that the chances were slim of his ever paying for the medical expenses of the victim in the amount of $6,904.85.

While there were factors weighing in the defendant's favor, such as remorse and lack of violence in his previous crimes, the trial court considered all the relevant factors and chose to order incarceration. The trial court did not abuse its discretion in sentencing the defendant to a minimum term of incarceration.

Affirmed.