(811 P.2d 525)

No. 65,320

STATE OF KANSAS, *Appellee*, v. DAVID SALINAS, *Appellant*.

—

Opinion filed May 24, 1991.

*Rebecca E. Holihan*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Roger A. Nordeen*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellant.

Before BRAZIL, P.J., DAVIS and RULON, JJ.

DAVIS, J.: The defendant, David Salinas, appeals from his sentence of a term of one to two years' imprisonment following his guilty plea to one count of nonsupport of a child. K.S.A. 1990 Supp. 21-3605.

The State contends that this court has no jurisdiction to hear Salinas' appeal because a minimum sentence was imposed following a guilty plea. The defendant contends that the trial court abused its discretion by ignoring the statutory criteria (K.S.A. 21-4606) and the policy mandates (K.S.A. 21-4601) in its imposition of sentence. We conclude that we have jurisdiction and that no abuse of discretion has been established.

Jurisdiction

"[A] decision whether or not to grant probation is exclusively a function of the trial court pursuant to K.S.A. 21-4603, and as a general rule a decision denying probation is not subject to appellate review." *State v. VanReed*, 245 Kan. 213, 215, 777 P.2d 794 (1989). In *State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), *rev'd on other grounds State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), it was specifically

held that K.S.A. 22-3602(a) precludes a direct appeal of a denial of probation following a guilty or nolo contendere plea.

An exception to this rule was created in *VanReed* when a statutory presumption of probation is found to apply, but Salinas does not contend any statutory presumption of probation applies in this case.

In the recent case of *State v. Bruner*, 15 Kan. App. 2d 369, 808 P.2d 440 (1991), it was held that when a defendant challenges imposition of the sentence, rather than denial of probation or denial of a motion to modify the minimum sentence, the appellate courts "have jurisdiction to hear appeals from the imposition of minimum sentences not involving presumptive probation after a plea of guilty or nolo contendere." 15 Kan. App. 2d at 373.

In his brief on appeal Salinas challenges only the manner of imposition of his sentence and does not raise a challenge to the denial of his motion for probation. We find that we have jurisdiction to hear this case.

We note that the offense in this case occurred between July 1, 1985, and December 5, 1989. K.S.A. 1989 Supp. 21-4606b, dealing with a presumptive sentence of assignment to a community correctional service program, became effective on July 1, 1989. (L. 1989, ch. 92, § 13) It would appear that defendant is eligible for consideration under subsection b. However, the defendant does not raise this issue and we do not address it. [1]

The Sentence

Salinas argues that the district court abused its discretion by completely ignoring the statutory criteria of K.S.A. 21-4606 and the policy mandates of K.S.A. 21-4601. Salinas contends that the district court determined his sentence by focusing solely on the nature of the offense.

A sentence imposed by a district court will not be disturbed on appeal if it is within the limits prescribed by law and within the realm of discretion of the trial court and not a result of partiality, prejudice, oppression, or corrupt motive. *State v. Heywood*, 245 Kan. 615, 617-18, 783 P.2d 890 (1989). Nonsupport of a child is a class E felony and the sentence the district court imposed was within the statutory limits. K.S.A. 21-4501(e). Salinas does not contend that the sentencing court's decision was the result of partiality, prejudice, oppression, or corrupt motive.

[1] See order reprinted on page 584.

A review of the transcript of the sentencing hearing shows that the trial court did not engage in a detailed examination on the record of each of the statutory factors listed at K.S.A. 21-4606(2). Our Supreme Court has stated: *"[W]hen the sentence exceeds the statutory minimum,* it is the better practice for the sentencing court to place on the record a detailed statement of the facts and factors it considered." (Emphasis added.) *State v. Bennett,* 240 Kan. 575, 578, 731 P.2d 284 (1987). In this case the sentence did not exceed the statutory minimum. When the sentencing court imposes a minimum sentence "a record of the factors it considered is even less important." *State v. Brewer,* 11 Kan. App. 2d 655, 665, 732 P.2d 780, *rev. denied* 241 Kan. 839 (1987). Furthermore, failure to place a detailed examination of the sentencing factors on the record does not necessarily indicate the court abused its discretion. "[E]ach case is to be considered separately on its facts." *State v. Meyers,* 245 Kan. 471, 479, 781 P.2d 700 (1989).

The factors which the court must consider when sentencing a defendant to a term of imprisonment are:

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained." K.S.A. 21-4606(2).

At the sentencing hearing Salinas' attorney was afforded the opportunity to make extensive remarks. He offered nothing which could amount to any provocation for Salinas' crime or which suggested that the victims of Salinas' crime induced or facilitated its commission.

Salinas' attorney did attempt to offer justification for Salinas' conduct, suggesting that Salinas' relationship with his ex-wife was stormy and that he had lost his business in 1985. Salinas himself

seems to have acknowledged before the court that his conduct caused substantial harm to his children.

The court also had before it the presentence investigation report prepared for its use. The court expressly noted that Salinas had an extensive record of prior misdemeanor convictions and diversions. The court further noted that Salinas was $36,690.91 in arrears in his child support payments and that this failure to pay had been harmful to his children.

The record demonstrates the sentencing court had before it facts which addressed all the factors set forth in K.S.A. 21-4606. There is no evidence that the court failed to consider the sentencing factors, and it is clear the court's sentencing decisions were not based simply on the nature of the crime charged.

Affirmed.

BRAZIL, J., dissenting: The majority concludes that this court has jurisdiction to hear this appeal from a minimum sentence following a guilty plea. It characterizes the appeal as being one from the manner of imposition of Salinas' sentence as opposed to an appeal from a denial of probation, relying on *State v. Bruner*, 15 Kan. App. 2d 369, 808 P.2d 440 (1991). The *Bruner* opinion contains a very fine review of Kansas cases dealing with the issue of a defendant's right to appeal following a guilty or nolo contendere plea. A similar analysis need not be repeated here except to point out my disagreement with the conclusions reached in *Bruner*.

Although *Bruner* relied on *State v. Bennett*, 240 Kan. 575, 731 P.2d 284 (1987), which involved an appeal from a minimum sentence, the court in *Bennett* relied upon *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), which involved an appeal from a sentence that exceeded the minimum. It is not clear from the opinion whether the *Bennett* court considered that difference in the sentence in *Harrold* or whether that difference was argued to the court; for the reasons stated below, the holding in *Bennett* constitutes an anomaly.

The *Bruner* case recognizes that the decision of "whether to grant probation is exclusively a function of the trial court pursuant to K.S.A. 1990 Supp. 21-4603 and, as a general rule, a decision denying probation is not subject to appellate review. *State v.*

*VanReed*, 245 Kan. 213, 215, 777 P.2d 794 (1989)." *State v. Bruner*, 15 Kan. App. 2d 369, 370. *Bruner* further recognizes that K.S.A. 22-3602(a) precludes a direct appeal of a denial of probation following a plea of guilty or nolo contendere. 15 Kan. App. 2d at 370.

*Bruner* also recognizes that, since a trial court has no power to impose a sentence below the minimum, an appeal from a minimum sentence would seem to actually be an appeal from a denial of probation. Notwithstanding this apparent conclusion, the court in *Bruner* goes on to conclude that a trial court's discretion should be subject to appellate review even absent any allegations of partiality, prejudice, or corrupt motive. "Allowing appeals from even a minimum sentence will insure that criminal sentences are imposed in accord with K.S.A. 21-4606(2)." *State v. Bruner*, 15 Kan. App. 2d at 372. If minimum sentences should be reviewed in accord with the factors in K.S.A. 21-4606(2), then why has our court previously stated that when a sentencing court has imposed a minimum sentence "a record of the factors it considered is even less important"? *State v. Brewer*, 11 Kan. App. 2d 655, 665, 732 P.2d 780, *rev. denied* 241 Kan. 839 (1987).

Likewise, our Supreme Court apparently believes that abuse of discretion issues only arise when sentences exceed the minimum. In *State v. Meyers*, 245 Kan. 471, 479, 781 P.2d 700 (1989), the defendant was challenging his sentence in part because the trial court had not considered the 21-4606 sentencing factors on the record. The court stated:

"The minimum term Meyers could have received for second-degree murder was 5-20 years. K.S.A. 21-4501(b). Since the sentence imposed exceeded the statutory minimum, the better practice would have been for the trial court to have made a detailed record of the factors it considered. Since it did not, the question is whether there was an abuse of discretion."

The obvious implication of the Supreme Court's statement is that, if a minimum sentence had been imposed, a record of the sentencing factors would not be necessary since abuse of discretion would not be an issue.

Absent allegations of partiality, prejudice, or corrupt motive, this court should not accept appeals from minimum sentences imposed following a plea of guilty or nolo contendere.

In the present case, Salinas pled guilty to nonsupport of a child, K.S.A. 1990 Supp. 21-3605, a class E felony. It was his first felony conviction. Except for the fact that nonsupport of a child is an article 36 crime in chapter 21 of the Kansas Statutes Annotated, the presumptive sentence of probation statute, K.S.A. 1989 Supp. 21-4606a, would apply. Because it was an article 36 crime, Salinas does not contend that the statute applied.

Although not raised by Salinas, I believe, however, that K.S.A. 1989 Supp. 21-4606b, presumptive sentence of assignment to a community service program, would apply. The offense occurred between July 1, 1985, and December 5, 1989. K.S.A. 1989 Supp. 21-4606b became effective July 1, 1989. L. 1989, ch. 92, § 13. The version of the statute then in effect stated:

"(1) If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines.

"(2) In determining whether to impose the presumptive sentence provided by this section, the court shall consider whether any of the following aggravating circumstances existed:

(a) Whether the crime is a felony violation of K.S.A. 65-4127b and amendments thereto which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances;

(b) whether the crime is a crime specified in article 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated; or

(c) any prior record of the person's having been convicted of a felony or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

While aggravating circumstances did exist (see K.S.A. 1989 Supp. 21-4606b[2][b] and [c]), the district court does not seem to have expressly considered this presumptive sentence. "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987). *State v. VanReed*, 245 Kan. 213, Syl. ¶ 4, "creates an exception to the general rule that there is no right of direct appeal from a denial of probation following a plea of guilty or nolo contendere in those circumstances to which a statutory presumption of probation applies." *State v. Bruner*, 15 Kan. App. 2d at 370.

I would remand for resentencing with directions that the court consider K.S.A. 1989 Supp. 21-4606b.

No. 65,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS, *Appellee*, v. DAVID SALINAS, *Appellant*.

ORDER

Following the filing of appellant's motion for rehearing en banc ▪ on June 3, 1991, this panel, on its own motion, reconsiders the majority opinion filed May 24, 1991, which did not address the trial court's failure to consider K.S.A. 1989 Supp. 21-4606b because that issue was not raised on appeal. After reconsideration, this panel adopts Judge Brazil's dissent to the extent that the dissent finds "that K.S.A. 1989 Supp. 21-4606b, presumptive sentence of assignment to a community service program, would apply."

We remand for resentencing with directions that the court consider K.S.A. 1989 Supp. 21-4606b.

DATED: June 21, 1991.

FOR THE COURT

/s/ _____

ROBERT E. DAVIS, Judge