(819 P.2d 667)

No. 65,139

STATE OF KANSAS, *Appellee*, v. MICHAEL W. RAMSEY, *Appellant.*

.Opinion filed October 25, 1991.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jeffrey E. Goering*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GERNON, P.J., BRAZIL and DAVIS, JJ.

BRAZIL, J.: Michael W. Ramsey appeals the sentences imposed after he pled guilty in two separate cases. In the first case, Ramsey pled guilty to one class E felony count of giving a worthless check and two class A misdemeanor counts of giving a worthless check. K.S.A. 21-3707. The minimum sentence for the felony conviction would have been a prison term of one to two years. K.S.A. 21-4501(e). Imposition of sentence was suspended as authorized in K.S.A. 21-4603.

Approximately six months later, Ramsey pled guilty to the class E felony of defrauding an innkeeper. K.S.A. 36-206. On this conviction, Ramsey was sentenced to the statutory minimum term of one to two years in prison. The trial judge later found that Ramsey had violated the conditions of his suspended sentence in the previous case and imposed a sentence of one to two years on the felony count together with sentences of one year on each of the misdemeanor counts. All three sentences in the first case were to run concurrent with one another, but the sentences in the first and second cases were to run consecutive to each other, yielding a controlling term of two to four years. K.S.A. 21-4608(3) required the trial judge to make the sentences in the two cases consecutive since the crime that precipitated the second conviction occurred while Ramsey was under a suspended sentence. *State v. Ashley*, 236 Kan. 551, 693 P.2d 1168 (1985).

As a threshold issue, the State contends that this court does not have jurisdiction to hear Ramsey's appeal since he is appealing the imposition of a minimum sentence after a guilty plea. While conceding that he received a minimum sentence in each of the two felony counts and that the consecutive sentences were mandated, Ramsey argues that the trial court still had the discretion and authority (1) to place Ramsey on probation in either one or both of the cases; (2) to suspend, despite the violation of the terms of the suspended sentence in the first case, the imposition of sentence in either one or both of the cases; or (3) to place him in a community corrections program in either one or both of the cases.

This court addressed this issue in the recent case of *State v. Bruner*, 15 Kan. App. 2d 369, 808 P.2d 440 (1991), where it was held that a defendant may appeal the failure of a court to consider the sentencing factors set forth in K.S.A. 21-4606 even if that sentence is a minimum sentence following a guilty plea. In the present case, the majority rejects the holding in *Bruner* for the reasons stated in my dissent in *State v. Salinas*, 15 Kan. App. 2d 578, 581-82, 811 P.2d 525 (1991):

"The majority [in *Salinas*] concludes that this court has jurisdiction to hear this appeal from a minimum sentence following a guilty plea. It characterizes the appeal as being one from the manner of imposition of Salinas' sentence as opposed to an appeal from a denial of probation, relying on

*State v. Bruner*, 15 Kan. App. 2d 369, 808 P.2d 440 (1991). The *Bruner* opinion contains a very fine review of Kansas cases dealing with the issue of a defendant's right to appeal following a guilty or nolo contendere plea. A similar analysis need not be repeated here except to point out my disagreement with the conclusions reached in *Bruner*.

"Although *Bruner* relied on *State v. Bennett*, 240 Kan. 575, 731 P.2d 284 (1987), which involved an appeal from a minimum sentence, the court in *Bennett* relied upon *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), which involved an appeal from a sentence that exceeded the minimum. It is not clear from the opinion whether the *Bennett* court considered· that difference in the sentence in *Harrold* or whether that difference was argued to the court; for the reasons stated below, the holding in *Bennett* constitutes an anomaly.

"The *Bruner* case recognizes that the decision of 'whether to grant probation is exclusively a function of the trial court pursuant to K.S.A. 1990 Supp. 21-4603 and, as a general rule, a decision denying probation is not subject to appellate review. *State v. VanReed*, 245 Kan. 213, 215, 777 P.2d 794 (1989).' *State v. Bruner*, 15 Kan. App. 2d 369, 370. *Bruner* further recognizes that K.S.A. 22-3602(a) precludes a direct appeal of a denial of probation following a plea of guilty or nolo contendere. 15 Kan. App. 2d at 370."

We emphasize that K.S.A. 22-3602(a) makes a denial of probation after a guilty or nolo contendere plea *unreviewable*. When a trial judge imposes the minimum sentence allowed by law, he or she is denying probation or one of the other authorized dispositions under K.S.A. 1990 Supp. 21-4603(2)(b) through (i). We hold that the imposition of a minimum sentence is unreviewable when it follows a plea of guilty or nolo contendere.

The reasons for refusing appellate review of decisions denying probation were clearly stated in *State v. Benson*, 207 Kan. 453, 458, 485 P.2d 1266 (1971):

"Although the probation statute in effect when appellant was sentenced (K.S.A. 62-2239, now K.S.A. 1970 Supp. 21-4603) does not contain the specific statutory provision to limit appellate review of an order granting or denying probation, we adhere to our prior position.

"The granting and revocation of probation is a matter entrusted by the legislature to the trial court and should remain there. An appellate court has no personal contact with an applicant for probation and is in no position to evaluate and determine the necessary factors upon which any probation should be based. Probation is a continuing relationship requiring constant supervision. This an appellate court cannot provide.

"The granting of probation is exclusively a function of the trial court and we hold a decision of the trial court denying probation is not subject to review by an appellate court."

In *State v. Adams*, 218 Kan. 495, 504-05, 545 P.2d 1134 (1976), the Supreme Court applied the same reasoning in declining review of a trial court's refusal to suspend a portion of defendant's sentence. Although we are aware of no reported cases in Kansas in which our appellate courts have been asked to review a trial court's refusal to assign a defendant to community corrections, we can think of no reason why the reasons stated in *Benson* would not apply to that issue or any of the other authorized dispositions enumerated in K.S.A. 1990 Supp. 21-4603(2)(b) through (i).

In *Salinas*, I stated in my dissent:

> "*Bruner* also recognizes that, since a trial court has no power to impose a sentence below the minimum, an appeal from a minimum sentence would seem to actually be an appeal from a denial of probation. Notwithstanding this apparent conclusion, the court in *Bruner* goes on to conclude that a trial court's discretion should be subject to appellate review even absent any allegations of partiality, prejudice, or corrupt motive. 'Allowing appeals from even a minimum sentence will insure that criminal sentences are imposed in accord with K.S.A. 21-4606(2).' *State v. Bruner*, 15 Kan. App. 2d at 372." 15 Kan. App. 2d at 582.

K.S.A. 21-4606 is entitled "Criteria for fixing minimum terms," and subsection 2 provides in part: "The following factors . . . shall be considered by the court in fixing the *minimum term of imprisonment.*" (Emphasis added.) We note that the legislature has not mandated that trial courts consider the 21-4606 factors when considering probation or the other authorized dispositions in K.S.A. 1990 Supp. 21-4603(2).

*Bruner* does not explain how failure to consider the factors in 21-4606(2) before imposing a minimum sentence would prejudice a defendant. Once the court decides to impose sentence, the only discretion it has is to fix a term within the minimum and maximum range imposed by statute. The court has no discretion to impose a sentence that is either below the minimum or above the maximum limits. Unless the sentence exceeds the statutory minimum, there is no basis upon which a defendant can allege abuse of discretion. From the defendant's standpoint, the court has not exercised its discretion until it imposes something more than the minimum.

Our court has previously recognized that a record of factors considered by the court is less important when a minimum sentence has been imposed. *State v. Brewer*, 11 Kan. App. 2d 655, 665, 732 P.2d 780, *rev. denied* 241 Kan. 839 (1987).

"Likewise, our Supreme Court apparently believes that abuse of discretion issues only arise when sentences exceed the minimum. In *State v. Meyers*, 245 Kan. 471, 479, 781 P.2d 700 (1989), the defendant was challenging his sentence in part because the trial court had not considered the 21-4606 sentencing factors on the record. The court stated:

'The minimum term Meyers could have received for second-degree murder was 5-20 years. K.S.A. 21-4501(b). Since the sentence imposed exceeded the statutory minimum, the better practice would have been for the trial court to have made a detailed record of the factors it considered. Since it did not, the question is whether there was an abuse of discretion.'

The obvious implication of the Supreme Court's statement is that, if a minimum sentence had been imposed, a record of the sentencing factors would not be necessary since abuse of discretion would not be an issue." *State v. Salinas*, 15 Kan. App. 2d at 582 (Brazil, J., dissenting).

We reject the holding in *Bruner* and conclude that, absent allegations of partiality, prejudice, or corrupt motive, this court has no jurisdiction to consider appeals from minimum sentences imposed following a plea of guilty or nolo contendere.

Appeal dismissed.

DAVIS, J., dissenting: I respectfully disagree with the majority decision for those reasons set forth in *State v. Bruner*, 15 Kan. App. 2d 369, 808 P.2d 440 (1991). In *Bruner*, we held that "[t]his court has jurisdiction to hear an appeal challenging a criminal sentence imposed even though the defendant has pled guilty or nolo contendere and the sentence imposed is a minimum sentence not involving presumptive probation." 15 Kan. App. 2d 369, Syl. ¶ 3. In reaching this decision, we relied upon *State v. Bennett*, 240 Kan. 575, 731 P.2d 284 (1987), wherein the Supreme Court held that it had jurisdiction to hear the defendant's challenge to a minimum sentence. *Bruner* notes:

"On the same date the court filed *Hamilton*, [240 Kan. 539, 731 P.2d 863 (1987)] it also filed *State v. Bennett*, 240 Kan. 575, 731·P.2d 284 (1987). *Bennett* was also a direct appeal of sentences imposed after à plea of guilty, but the sentences imposed were minimum sentences. 240 ·Kan. at 577. The court made the following statement regarding its jurisdiction to hear the case:

'The State argues this court has no jurisdiction to hear this appeal pursuant to *State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), because the defendant fails to allege that the sentence is the result of partiality, prejudice, or corrupt motive.

'*State v. Haines*, 238 Kan. 478, was overruled in part by *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), which was decided after the parties' briefs were submitted. In *Harrold*, a majority of this court held that, pursuant to K.S.A. 22-3602(a), a direct appeal may be taken from a sentence imposed when the defendant pleads guilty or nolo contendere. This court further held that it is not necessary to allege the sentence is the result of partiality, prejudice, or corrupt motive in order to present a justiciable issue. 239 Kan. at 649. Therefore, this court does have jurisdiction to hear the defendant's challenges to the sentence imposed.' *Bennett*, 240 Kan. at 576-77.

"While the court did not hold that the defendant could directly appeal from the imposition of a minimum sentence after a plea of guilty or nolo contendere, it did in fact allow the appeal." *State v. Bruner*, 15 Kan. App. 2d at 371.

In the face of *Bennett*, the majority in this case holds that because K.S.A. 22-3602(a) precludes a direct appeal of the denial of probation after a plea of guilty or nolo contendere, this court has no jurisdiction to hear an appeal from the imposition of a minimum sentence after a plea of guilty or nolo contendere absent allegations of partiality, prejudice, or corrupt motive The majority argues that *Bennett* constitutes an anomaly because it relied upon *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), which involved an appeal from a sentence that exceeded the minimum. Yet, the court in *Bennett* was considering a direct criminal appeal from the imposition of a minimum sentence and concluded that it had jurisdiction to hear the defendant's challenge to the sentence imposed even though no allegation of partiality or prejudice was made.

The majority ignores the fact that sentencing a criminal defendant to a minimum sentence in confinement involves the exercise of the trial court's discretion. In fact, the majority concludes that "[f]rom the defendant's standpoint, the court has not exercised its discretion until it imposes something more than a minimum." At the same time, the majority acknowledges that where there are allegations of partiality, prejudice, or corrupt motive, a criminal defendant may appeal from the imposition of a minimum sentence. I would contend that the obvious reason a crim-

inal defendant may appeal under these circumstances has nothing to do with the fact that probation was granted, but has everything to do with the fact that the trial court imposing the sentence has abused its discretion by acting out of partiality, prejudice, or corrupt motive. A sentence which emanates from partiality, prejudice, or corrupt motive is without question evidence of an abuse of discretion in the imposition of sentence. An appeal under these circumstances is allowed to test the discretion of the trial court in the imposition of sentence.

As we concluded in *Bruner*:

"As long as trial courts have discretion in sentencing criminal defendants, questions will arise regarding how that discretion was exercised. Trial courts are required by statute to consider those factors set forth in K.S.A. 21-4606. Allowing appeals from even minimum sentences will insure that criminal sentences are imposed in accord with K.S.A. 21-4606(2)." 15 Kan. App. 2d at 372.

Finally, the defendant is not appealing from a denial of probation. Rather, the defendant is appealing the manner of the imposition of sentence—the exercise of the trial court's discretion in imposing the sentence. According to the majority decision, all defendants sentenced to a minimum sentence of incarceration following a plea of guilty or plea of nolo contendere not involving presumptive probation have no way to question whether the court abused its discretion in the imposition of sentence except in those cases involving allegations of partiality, prejudice, or corrupt motive. There are numerous ways a trial court may abuse its discretion in the imposition of a minimum sentence that do not involve impartiality, prejudice, or corrupt motive. The only method of insuring that a criminal sentence is imposed in accordance with legislative dictates and in accordance with the proper exercise of judicial discretion is to allow a defendant an appeal to test the discretion exercised by the imposition of that sentence.

For those reasons set forth in *Bruner* and for the reason that this appeal is not an appeal from the denial of probation, as the majority contends, but an appeal from the manner of the imposition of sentence to insure the rights of a criminal defendant appealing in accordance with K.S.A. 21-4606, I would retain the appeal. I know of no other way to insure that a sentence of

incarceration resulted from a proper exercise of judicial discretion than to allow an appeal from the imposition of that sentence— be it a minimum sentence or otherwise.