No. 66,562

STATE OF KANSAS, *Appellee,* v. JEROME BEECHUM, *Appellant.*

(833 P.2d 988)

Opin-
ion filed May 22, 1992.

*Jessica R. Kunen,* chief appellate defender, argued the cause ·and was on the briefs for appellant.

*Debra A. Vermillion,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This criminal case concerns: (1) our jurisdiction to hear an appeal of the sentence imposed following a plea of guilty in a first-degree murder case in which (a) there are no allegations of partiality, prejudice, or corrupt motive and (b) the trial court has imposed the mandatory, and consequently minimum, sentence of life imprisonment under K.S.A. 21-4501(a); and (2) trial

court discretion in requiring restitution for the benefit of an "aggrieved party."

Our jurisdiction is grounded in K.S.A. 1991 Supp. 22-3601(b)(1). The case at bar arises from a conviction of a class A felony in which a sentence of life imprisonment has been imposed.

We hold that because of the restitution issue we have jurisdiction. We find no error and affirm.

### Facts

In 1990, the State filed a complaint charging Jerome Beechum with aggravated kidnapping (K.S.A. 21-3421) and premeditated first-degree murder (K.S.A. 1991 Supp. 21-3401). Both charges resulted from the stabbing death of Beechum's ex-wife.

As a result of plea negotiations, the State dismissed the charge of aggravated kidnapping. The trial court accepted Beechum's first-degree murder guilty plea.

At the sentencing hearing, the trial court observed it was in possession of the presentence investigation (PSI) report and requested the State's recommendation. The State recommended the statutorily required life imprisonment. When the trial court asked for defense comments, defense counsel responded:

"With the mandatory sentence in this case is life imprisonment. I would note Mr. ·Beechum has a history of substance abuse; he does not have a very long criminal record. He has had one criminal conviction related to substance abuses, had a couple of assault and battery type convictions. I have nothing."

Beechum was sentenced to life imprisonment, and the trial court ordered restitution in the amount of $2,925.35 be paid to the Crime Victims Compensation Board under K.S.A. 1991 Supp. 22-3717(l) in the event Beechum is paroled. The amount of restitution represents $2,000 in funeral expenses, $805.35 in airfare to transport the victim's 12-year-old son to live with his father in New York, and $120 in lost wages for the father to accompany his son to New York.

Beechum filed a motion to modify sentence, stating: "Defendant bases his Motion on the report from the State Reception and Diagnostic Center." At the hearing on the motion, defense counsel submitted the motion to modify without oral argument. The State Reception and Diagnostic Center (SRDC) report rec-

ommended continued incarceration. The State concurred with the SRDC report.

The trial court denied the motion to modify and observed:

"Mr. Beechum is obviously not a viable candidate for probation considering the conviction for murder, and obviously the SRDC report is negative in terms of the propriety of probation. Incarceration on a continuing basis, of course, being their recommendation, which I would be quite shocked about if it were not.

"The defendant's application for probation based upon the nature of the charge of which Mr. Beechum was convicted and the recommendation of the SRDC report before the Court is considered and the same is denied. The sentence previously imposed in all respects is affirmed and the defendant is ordered to continue serving that sentence."

## Jurisdiction

As a threshhold issue, the State argues that we do not have jurisdiction to hear Beechum's appeal. The State reasons that Beechum is appealing his mandatory sentence of life imprisonment, which is the minimum sentence that can be imposed under K.S.A. 21-4501(a), following his guilty plea. The State relies on the recent Court of Appeals decision of *State v. Ramsey*, 16 Kan. App. 2d 132, 819 P.2d 667 (1991). *Ramsey* observed that when a trial court imposes the minimum sentence, it is actually denying probation or one of the other authorized dispositions under K.S.A. 1991 Supp. 21-4603(2)(b) through (i). Because the denial of probation after a guilty or nolo contendere plea is not reviewable, the imposition of a minimum sentence after such a plea absent allegations of partiality, prejudice, or corrupt motive is also not reviewable. *Ramsey*, 16 Kan. App. 2d at 134.

Beechum counters that the imposition of sentence results in his loss of liberty; therefore, the sentence must be imposed in accordance with due process of law. Beechum reasons that the manner in which sentence is imposed must be reviewable.

K.S.A. 1991 Supp. 22-3601(b) states, in part:

"Any appeal permitted to be taken from a final judgment of a district court in a criminal case shall be taken directly to the supreme court in the following cases:

"(1) Any case in which the defendant has been convicted of a class A felony or in which a maximum sentence of life imprisonment has been imposed."

K.S.A. 1991 Supp. 22-3601(b)(1) grants jurisdiction to hear this appeal, *if an appeal is permitted*, because Beechum was convicted of a class A felony and was sentenced to life imprisonment.

K.S.A. 22-3602(a) provides when an appeal is permitted by a criminal defendant:

"Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from *any judgment* against the defendant in the district court and upon appeal *any decision of the district court* or intermediate order made in the progress of the case may be reviewed. *No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere,* except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto." (Emphasis added.)

On the case at bar, Beechum questions the propriety of the restitution order imposed upon him. Consequently, his sentencing appeal is broader than an inquiry on the K.S.A. 21-4501(a) mandatory sentence of life imprisonment. Life imprisonment was the only, and consequently, the minimum sentence available once the trial court decided to impose imprisonment.

Different panels of the Court of Appeals, in considering jurisdiction on appeals from the imposition of a minimum sentence after a guilty plea, have reached opposite results. *Ramsey* (no jurisdiction); *State v. Bruner,* 15 Kan. App. 2d 369, 808 P.2d 440 (1991) (jurisdiction); *State v. Salinas,* 15 Kan. App. 2d 578, 811 P.2d 525 (1991) (jurisdiction, relying on *Bruner*).

Although restitution was not an element in either *Ramsey* or *Bruner* and *Salinas,* we exercise our responsibility to resolve the differing result between *Ramsey* and *Bruner/Salinas* with the case at bar. Beechum advances the *Bruner/Salinas* rationale. The State relies on *Ramsey*.

Our decisions regarding jurisdiction of a defendant's appeal of sentence following a guilty plea, absent allegations of partiality, prejudice, or corrupt motive, have sent out mixed precedential signals.

In *State v. Benson,* 207 Kan. 453, 485 P.2d 1266 (1971), Benson appealed his conviction and the sentence imposed. Benson argued that the trial court abused its discretion by denying probation. We stated: "The granting of probation is exclusively a function

of the trial court and we hold a decision of the trial court denying probation is not subject to review by an appellate court." 207 Kan. at 458.

In *State v. Green,* 233 Kan. 1007, 666 P.2d 716 (1983), Green pled guilty to aggravated robbery. The sentence imposed was not the minimum. Green contended that the sentence and the denial of probation resulted in an abuse of discretion. The State maintained that we had no jurisdiction to review a sentence imposed or a denial of probation following a guilty plea. A majority of this court disagreed. In *Green,* we reasoned that K.S.A. 22-3602(a) grants the defendant the right to appeal any judgment of the trial court except the *judgment of conviction* following a guilty plea. The judgment of sentence is distinct from the judgment of conviction. We stated: "[O]ur more recent cases have followed these standards and permitted appellate review of sentences. Probation is an integral part of the Kansas sentencing process, since, under our statutes, probation is one of the alternatives which may be imposed by a trial court in sentencing a defendant. See K.S.A. 21-4603. We reject the holding and any language to the contrary in *State v. Benson,* 207 Kan. 453." 233 Kan. at 1009.

We then stated in *Green:* "We have no hesitancy, however, in holding that a direct appeal by the defendant from the sentence imposed in a criminal action following a plea of guilty is permissible under the Kansas Code of Criminal Procedure and that the appellate courts of Kansas have jurisdiction to determine the appeal." 233 Kan. at 1011.

Three years later, in *State v. Haines,* 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), Haines appealed his sentences imposed following guilty pleas. The trial court sentenced Haines to two consecutive terms of 15 years to life and two other concurrent terms of 15 years to life to run concurrently with the first sentence imposed, the maximum sentence for each charge. Haines' appeal asserted that the trial court abused its discretion in refusing to grant probation and in imposing the maximum sentences. After noting that Haines made no allegation that the sentences were the result of partiality, prejudice, or corrupt motive or that it was outside the statutory limits, we observed: "Thus no issue on sentencing is raised." 238 Kan. at 478. In *Haines* we cited K.S.A. 22-3602(a) and stated: "By plead-

ing guilty to the charges against him, appellant Haines falls squarely within the exception emphasized above and has no right of direct appeal of a denial of probation." 238 Kan. at 479. We held we did not have jurisdiction and dismissed the appeal. In *Haines*, we noted that any statements to the contrary in *State v. Green*, 233 Kan. 1007, were overruled.

Approximately six months later, *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), overruled a portion of *Haines*. In *Harrold*, the defendant pled guilty to two felony charges and was sentenced to concurrent terms of imprisonment, both of which exceeded the statutory minimum. Harrold appealed, contending the trial court abused its discretion by imposing an excessive sentence and by failing to consider the factors by K.S.A. 21-4601 and K.S.A. 21-4606. Harrold did not allege the sentences were the result of partiality, prejudice, or corrupt motive. We addressed the issue of jurisdiction, noting that under *Haines* we did not have jurisdiction. After a review of the preceding Kansas cases, we determined that we had jurisdiction. Harrold was not appealing his judgment of conviction, nor was he challenging the trial court's denial of probation, but was challenging only the sentence imposed.

"We hold that one who pleads guilty or nolo contendere is not precluded by K.S.A. 22-3602 from taking a direct appeal *from the sentence imposed.* Further, an appellant need not allege that the sentence was the result of partiality, prejudice, or corrupt motive, or that it exceeds the statutory limits, in order to present a justiciable issue. Any defendant, whether convicted by plea or trial, may challenge his or her sentence on appeal. Statements to the contrary in *State v. Haines*, 238 Kan. 478, are overruled." 239 Kan. at 649.

Because Harrold did not challenge the trial court's denial of probation, *Harrold* did not overrule that portion of *Haines*. *Harrold* did not involve a *minimum* sentence following a guilty plea.

In *State v. Bennett*, 240 Kan. 574, 731 P.2d 284 (1987), Bennett pled guilty to aggravated criminal sodomy and aggravated burglary. He was sentenced to the statutory minimum sentence for each charge to be served concurrently. Bennett moved for modification of sentence which the trial court denied. Bennett raised two issues on appeal: (1) " '[T]he trial court failed to sentence Mr. Bennett in a manner that would have a reasonable chance

of achieving the goal of vocational rehabilitation that it felt was most important in Mr. Bennett's case,' " and (2) "the trial court abused its discretion by failing to state on the record its consideration of the sentencing criteria set forth in K.S.A. 21-4606." 240 Kan. at 576.

The State argued that we lacked jurisdiction because Bennett had not alleged that the sentence was a result of partiality, prejudice, or corrupt motive, citing *Haines. Bennett* noted that *Harrold* overruled *Haines* and, relying on *Harrold*, found that we had jurisdiction to hear the appeal challenging the sentence imposed. 240 Kan. at 576-77. Although we noted that the sentences imposed in *Bennett* did not exceed the statutory minimum, the question of an appeal from the imposition of a minimum sentence was not argued by the State. The State advanced the reasoning that Bennett had not alleged partiality, prejudice, or corrupt motive; consequently, we had no jurisdiction. The minimum sentence assertion was not before us in *Bennett*. In *Bennett* we relied upon *Harrold*, which involved an appeal from a sentence that exceeded the minimum.

*State v. Hamilton*, 240 Kan. 539, 731 P.2d 863 (1987), was filed the same day as *Bennett*. In *Hamilton*, we considered an appeal from the sentence imposed upon Hamilton after he pled guilty to one count of aggravated arson (K.S.A. 21-3719). Hamilton was sentenced to a term of five years to life, a sentence which exceeded the statutory minimum. Hamilton contended that the sentence should be set aside because the trial court failed to consider the alternatives set out in K.S.A. 21-4601 and 21-4603. Hamilton asserted that the SRDC was inclined to recommend probation and that the trial court abused its discretion by not clearly stating consideration of the K.S.A. 21-4601 and 21-4603 alternatives. *Hamilton* noted that if the appeal is considered a challenge to the denial of probation, the appeal is prohibited by *Haines. Haines* was reaffirmed as to a challenge to the denial of probation. We then addressed the appeal on the merits, stating: "As the appellant has couched his appeal as one from the original sentence and denial of his motion for a modification thereof, we will consider that issue." 240 Kan. at 540.

The Court of Appeals addressed the issue of a criminal defendant's right to appeal a minimum sentence imposed after a guilty

or nolo contendere plea in *State v. Bruner,* 15 Kan. App. 2d 369. In *Bruner,* the Court of Appeals relied on *State v. Bennett,* 240 Kan. 574, to find that it had jurisdiction to hear Bruner's appeal because Bruner was challenging the imposition of sentence rather than the denial of probation. The *Bruner* court observed that although *Bennett* did not specifically discuss whether an appeal from a minimum sentence is equivalent to an appeal, of the denial of probation, *Bennett* did allow a minimum sentence appeal. 15 Kan. App. 2d at 371-72.

In *State v. Salinas,* 15 Kan. App. 2d 578, a divided panel of the Court of Appeals reaffirmed *Bruner.*

In *State v. Ramsey,* 16 Kan. App. 2d 132, Ramsey pled guilty to one class E felony count and two class A misdemeanor counts. The minimum sentence for the felony conviction would have been a prison term of one to two years. The trial court suspended imposition of sentence. Approximately six months later, Ramsey pled guilty to another class E felony in a separate case. He was sentenced to the statutory minimum of one to two years. The trial court imposed sentence in the first case of one to two years on the felony count together with one year on each misdemeanor. The sentences in the first case were to run concurrently with each other, but consecutive to the sentence imposed in the second case. Ramsey appealed from the sentences imposed. The State contended the Court of Appeals lacked jurisdiction. Ramsey argued that despite the fact that he received the minimum controlling term, the trial court still had discretion (1) to place him on probation in either case, (2) to suspend the imposition of sentence in either case, or (3) to place him in a community corrections program in either one or both cases.

The *Ramsey* court observed that under K.S.A. 22-3602(a), a denial of probation after a guilty or nolo contendere plea is unreviewable. Absent allegations of partiality, prejudice, or corrupt motive, an appellate court has no jurisdiction to consider appeals from minimum sentences imposed following a plea of guilty or nolo contendere. When a trial judge imposes the minimum sentence allowed by law, he or she is denying probation or one of the other authorized dispositions under K.S.A. 1991 Supp. 21-4603(2)(b) through (i). 16 Kan. App. 2d at 134. The *Ramsey* court reasoned that once a trial court decides to impose sentence, the

only discretion it has is to fix a term within the minimum and maximum range imposed by statute. Unless the sentence exceeds the statutory minimum, there is no basis upon which a defendant can allege abuse of discretion. From a defendant's standpoint, the court has not exercised its discretion until it imposes a sentence exceeding the minimum. 16 Kan. App. 2d at 134-35. We agree with the *Ramsey* rationale.

Beechum, in the case at bar, is also challenging the order of restitution. An appellate court has jurisdiction to review an order of restitution entered by a sentencing court under K.S.A. 1991 Supp. 21-4610(4)(a). Therefore, we have jurisdiction to review the restitution issue, but not to review Beechum's prison sentence. See *State v. Hinckley*, 13 Kan. App. 2d 417, 777 P.2d 857 (1989) (amount of restitution ordered after a plea of nolo contendere was vacated).

## Restitution

Beechum challenges the trial court's order of restitution for the $805.35 airfare to transport the victim's 12-year-old son to New York to live with his father and for the $120 in lost wages to the father. Beechum argues the tangential costs were not incurred by an aggrieved party and, consequently, are improper. Beechum does not object to the $2,000 in funeral expenses.

The State asserts: (1) The entire restitution order is appropriate; (2) "but for" Beechum's murder of the mother, the minor son would not have required travel to New York and the father would not have been required to miss work to take custody of his son shortly after the murder; and (3) Beechum's criminal conduct caused the expenses.

As a condition of probation, suspension of sentence, or assignment to a community correctional services program, K.S.A. 1991 Supp. 21-4610(4)(a) authorizes the trial court to order the defendant to: "Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

K.S.A. 1991 Supp. 22-3717(l) authorizes the trial court at the time of sentencing to order restitution as a condition of parole.

K.S.A. 1991 Supp. 21-4610(4)(a) gives the sentencing court substantial discretion in ordering the amount or manner of reparation or restitution to the aggrieved party for damage or loss caused by the defendant's crime. *State v. Hinckley,* 13 Kan. App. 2d at 418.

"Aggrieved party" includes a secondarily or tertiarily aggrieved party (a party secondarily aggrieved who had compensated the original aggrieved party). *State v. Yost,* 232 Kan. 370, 654 P.2d 458 (1982), *overruled in part on other grounds State v. Haines,* 238 Kan. 478.

Restitution orders must have limitations. Not all tangential costs incurred as a result of a crime should be subject to restitution. Under the facts of the case at bar, both the son and the father were aggrieved parties. Because of Beechum's crime, the victim's son went to New York to live with his father. The father lost work to accompany his son. The expenses incurred resulted from and were caused by Beechum's crime. The trial court did not abuse its discretion in ordering restitution.

Affirmed.

ALLEGRUCCI, J., concurring and dissenting: I agree with the majority on the issues raised by the defendant except as to restitution. I respectfully dissent from the majority's holding that the victim's son and his father are "aggrieved parties" under K.S.A. 1991 Supp. 21-4610(4)(a) and therefore are entitled to restitution.

The majority's reliance on *State v. Yost,* 232 Kan. 370, 654 P.2d 458 (1982), *overruled in part on other grounds State v. Haines,* 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), is misplaced. There is nothing in the holding in *Yost* to support the majority's finding that reparation or restitution includes loss or damages incurred by anyone other than the victim of the crime. In *Yost,* the defendant was convicted of giving a worthless check to Jim Wilson in the amount of $42,566.08 for 81 head of steers. The steers went to Julius Williams, who sold them on consignment. Yost was ordered to pay restitution to Wilson. Wilson obtained a judgment against Williams for the amount of the check and interest. Williams then paid the amount of the judgment to Wilson. The order of restitution was then

modified to order payment of restitution to Williams. The issue was whether the district court had authority to substitute Williams as a party to whom the defendant was to make restitution. The basis for the payment of restitution continued to be the loss suffered by the victim.

I agree with the majority that *Yost* interpreted an "aggrieved party" to include one who had compensated the victim for his or her loss or damage. However, that interpretation would not include the son or his father in the present case. Nor is there support for such an interpretation in the state and federal cases discussed in the *Yost* opinion. One such case is *United States v. Follette*, 32 F. Supp. 953 (E.D. Pa. 1940). The federal district court interpreted "aggrieved party or parties" to include a surety company which had reimbursed the victim of an embezzlement. We commented:

"Finding such a construction inconsistent with restitution, [the *Follette* court] concluded that in a proper case the terminology should include: '[W]ithin its scope such persons as the owner of the contents of a letter stolen from the mail, the person defrauded by a scheme involving the use of the mails, the bank from which funds have been embezzled and the innocent person to whom a counterfeit note has been passed. *Each of these persons has been directly and financially aggrieved by the criminal acts of the defendants involved.*' 32 F. Supp. at 955. Emphasis supplied. It seems to us that the holding is a proper and reasonable construction of the questioned language." 232 Kan. at 375.

In *Yost*, we held that:

"For a trial judge in a supplemental probation proceeding to substitute a newly aggrieved party for the originally aggrieved party when: The substitute party has fully paid the original party, the amount to be paid is unchanged, and the amount was never in issue, it is *held* there is no error as K.S.A. 21-4610, reasonably construed, allows the substitution." 232 Kan. 370, Syl. ¶ 8.

We stated our rationale for that holding in the concluding paragraphs of the opinion:

"Neither do we believe that it enhances the image of justice for one who has compensated a directly affected party to have to negotiate with, and perhaps even to sue, the compensated party to be made whole. What if the compensated party is then judgment proof?

"Recognizing that the holding in this case rises no higher than the facts in this case, we think of the maxim: The law does not require the doing of a useless thing. We do not believe that Williams should be required to

take a circuitous route to accomplish what the trial judge in this case would have him accomplish so simply.

"Finally, it seems to us that when Williams paid Wilson, Wilson was no longer the aggrieved party; Williams was." 232 Kan. at 378.

That is not the fact situation in the present case. The restitution is for loss to the victim's son and his father and not for the loss to the victim. The majority concedes that restitution orders must have limitations and that not all tangential costs are subject to restitution. The majority, however, does not tell us what these limitations are nor identify which tangential costs are not subject to restitution. In my view, that is the function of the legislature. If new meaning is to be given to the words "aggrieved party," it must be done by the legislature and not this court.

I would reverse the district court's granting of restitution for airfare to transport the victim's son and for the $120 in lost wages to the father.

HOLMES, C.J., joins in the foregoing concurring and dissenting opinion.