NOT DESIGNATED FOR PUBLICATION

No. 119,470

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH PAUL JONES JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed June 21, 2019. Vacated in part and remanded with directions.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Meghan K. Morgan*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: It is not often that the parties agree on the essential matter in a case on appeal. This is one of those cases. In an appeal of a restitution order, both parties agree that part of the restitution ordered should have been paid to the insurance company rather than to the victim of the crime. We vacate in part and remand for the district court to correct its restitution order.

Joseph Paul Jones Jr. was originally charged with 13 counts of burglary, 4 counts of felony theft, 5 counts of felony criminal damage to property, 8 counts of misdemeanor

theft, and 9 counts of misdemeanor criminal damage to property. In the end, he pled no contest to one count of burglary in exchange for a dismissal of the other charges. As part of the plea agreement, he agreed to pay restitution on all charges except for two counts of the misdemeanor criminal damage to property. The court sentenced Jones to 34 months in prison. The court ordered Jones to pay a total of $12,279.46 in restitution, including $4,349.48 to K.C. Crist, the owner of Air Condition Specialists.

Crist testified he owned the building that was broken into. Several entryways in his building had been damaged upon forcible entry and had to be repaired or replaced, desks had been damaged and had to be replaced, and the wires had been cut to his ValuNet and Cable One services. Crist testified he had insurance through Shelter Insurance. Shelter paid Crist $2,974.48 on the claim. Crist's deductible was $1,000. Crist testified he did some of the repairs himself. He spent about five hours on the repairs— time that he was unable to work for his business. His hourly residential rate was $75/hour and commercial rate was $110/hour.

Jones objected to the testimony regarding the amount Shelter paid on the claim. He argued that if Shelter was going to make a claim for restitution, then it needed to appear at the hearing. The court overruled the objection. The court ruled:

> "Kansas law establishes that where there is some damage, as indicated here, that the damage and restitution that can be awarded by a court, not only can be awarded restitution to the actual victim, him or herself, but also for the insurance that has been paid to that victim, so what this Court is mainly concerned with is the fair market value of the actual loss suffered by the party who was damaged."

The details of the court's award to Crist are reflected in this chart:

| | | |
|---|---|---|
| Time making repairs | $75/hour x 5 hours | $375.00 |
| Claim paid by insurance | $2,974.48 | $2,974.48 |
| Insurance deductible | $1,000 | $1,000.00 |
| | Total = | $4,349.48 |

Jones argues that Crist should not be unjustly enriched by $2,974.48 because Shelter already reimbursed him for that amount. He asks the court to vacate that part of the restitution order. Jones admits that Shelter was a secondarily aggrieved party and "had the district court ordered that Mr. Jones pay that money directly to Shelter Insurance rather than to Mr. Crist, then there would likely be no argument about this portion of the restitution order." The State argues that "[t]he insurance company should not be expected to pay part of the damages caused by the defendant without compensation." The State admits:

> "The only error in this case appears to be in the restitution order that was filed after the hearing, it should have included a payment to Mr. Crist and a payment to the insurance company. The district court noted that the restitution owed in Mr. Crist's case included $2,974.48 paid by the insurance company and to properly reflect the district court's order that should have been in the restitution ordered."

Under Kansas law, the sentencing court "shall order the defendant to pay restitution." Restitution "shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2018 Supp. 21-6604(b)(1). The appropriate measure of restitution is the amount that reimburses the victim for the actual loss suffered. *State v. Hall*, 297 Kan. 709, 712, 304 P.3d 677 (2013). This court reviews for

3

abuse of discretion in the sentencing court's decision concerning the amount of restitution and the manner in which it is made to the aggrieved party. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016).

The sentencing court may order the defendant to pay restitution to a secondarily aggrieved party—a party who compensated the original aggrieved party—such as an insurance company that paid losses under a crime victim's policy. See *State v. Beechum*, 251 Kan. 194, 203, 833 P.2d 988 (1992); *State v. Jones*, No. 106,750, 2012 WL 4121119, at *3 (Kan. App. 2012) (unpublished opinion). Courts typically order restitution to the insurance carrier for the extent of the loss it paid and to the crime victim for the deductible amount or any losses not covered by the policy. The insurance carrier need not request restitution or appear at the hearing. 2012 WL 4121119, at *3-4.

Jones' only objection to a restitution award for the insurance payout concerned Shelter's failure to appear at the hearing. But he points to no Kansas law that requires such an appearance by the insurance company. And a panel of this court has ruled otherwise. See *Jones*, 2012 WL 4121119, at *4.

Because both parties agree that the sentencing court's only error was ordering the $2,974.48 payment be made to Crist rather than Shelter, we vacate that portion of the district court's order. We remand for the district court to modify its order and direct the payment to Shelter instead of Crist. The total amount of restitution that Jones must pay is unaffected by this decision.

Vacated in part and remanded with directions.