Roy L. ANDERSON, Petitioner,

v.

Raymond ROBERTS, et al., Respondents.

No. 90–3496–S.

United States District Court, D. Kansas.

March 31, 1992.

Roy L. Anderson, pro se.

Charles J. Cavenee, Legal Services for Prisoners, Inc., Lansing, Kan., Jessica R. Kunen, Appellate Defender's Office, Topeka, Kan., for petitioner.

Melanie S. Jack, Kansas Bureau of Investigation, Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 14, 1988, petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, pled guilty to one count of indecent liberties with a child and two counts of aggravated sexual battery. Petitioner was sentenced to a three (3) to ten (10) year term on the indecent liberties conviction and a two (2) to five (5) year term on each aggravated sexual battery conviction. The terms were run concurrently resulting in a controlling sentence of three to ten years. On February 15, 1989, petitioner filed a motion seeking probation at rehearing. On August 4, 1989, petitioner's application for probation was denied. On October 19, 1989, the trial court appointed the Kansas Appellate Defender to represent petitioner on appeal. The Chief Appellate Defender was notified of her appointment on October 31, 1989. She found that a notice of appeal had not been filed with the district court and filed such notice on November 6, 1989.

On December 21, 1989, the Kansas Court of Appeals issued an Order to Show Cause. The court noted that the notice of appeal was filed well beyond the time provided by statute. In his response, petitioner claimed he had never been informed of his right to appeal by either counsel and further claimed he would have appealed if he had known he could do so. The Court of Appeals remanded the case to the trial court for a determination of whether petitioner was properly advised by either the court or counsel of his right to appeal.

On February 14, 1990, the trial judge responded to the Court of Appeals' mandate by letter and a transcript of the plea hearing. Petitioner responded and claimed the transcript clearly showed petitioner had not been informed of his right to appeal.

The Court of Appeals remanded again and ordered the trial court to conduct a hearing to determine whether petitioner had been advised of his right to appeal. The hearing was conducted on April 17, 1990. On April 18, 1990, the trial court, by letter, informed the Court of Appeals that it found petitioner had been advised of his right to appeal prior to his plea, after his sentence, and after the denial of his probation request at rehearing. On April 24, 1990, the Court of Appeals dismissed the appeal. Petitioner's request, through the Appellate Defender, for additional time to respond was denied as moot on April 27, 1990. On July 17, 1990, petitioner's petition for review was denied by the Kansas Supreme Court.

Petitioner instituted this action November 8, 1990.

Having reviewed the record in this matter, the court makes the following findings and order.

*Discussion*

Petitioner claims that the dismissal of his appeal is a violation of his constitutionally guaranteed right to due process under the Fourteenth Amendment.

Under Kansas law, a defendant has ten days after the filing of a journal entry denying a motion for modification of sentence in which to perfect an appeal. *State v. Myers*, 10 Kan.App.2d 266, 697 P.2d 879, 884 (1985). The filing of a timely notice of appeal is jurisdictional and an exception to the time limit is allowed in the interest of fundamental fairness only where a defendant was not informed of the right to appeal or was not furnished an attorney to perfect an appeal, or was furnished an attorney who failed to perfect and complete an appeal. *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255, 1258 (1982).

Petitioner's contention is that he was never told he had the right to appeal the original sentence following his guilty plea or the denial of his motion to modify his sentence.[1]

■ Factual findings by state trial and appellate courts are entitled to a presumption of correctness unless a federal court concludes that a factual determination is not fairly supported by the record. *Lafferty v. Cook*, 949 F.2d 1546, 1549 (1991). 28 U.S.C. § 2254(d)(8). Petitioner's attorney testified that he advised petitioner of his right to appeal. Counsel also testified that he informed petitioner that case law did not allow for an appeal from a minimum sentence or from the denial of probation and that such an appeal would be frivolous. Petitioner testified that he was not so informed.

■ Although the record of the hearing on the plea and the evidentiary hearing is not the model of clarity, this court concludes that the state trial court's factual determination that petitioner knew he had a right to appeal is fairly supported by the record.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.

---

1. It should be noted that petitioner received the minimum sentence allowed and any modification would have resulted in probation. At the time of petitioner's plea and sentence, case law in Kansas prohibited a direct appeal from the denial of probation following a guilty plea or from the imposition of a minimum sentence. *State v. Hamilton*, 240 Kan. 539, 731 P.2d 863 (1987). *State v. Deavours*, 12 Kan.App.2d 361, 743 P.2d 1011 (1987). In 1991, the Kansas Court of Appeals held that an appeal may be taken from a minimum sentence imposed after a guilty plea when the defendant challenges the imposition of the sentence rather than the denial of probation or the denial of a motion to modify the minimum sentence because the defendant's challenge is to the sentence imposed. *State v. Bruner*, 15 Kan.App.2d 369, 808 P.2d 440 (1991). Without commenting on this distinction, suffice it to say, this option was not available to petitioner at the time.