(41 P.3d 880)

No. 86,861

STATE OF KANSAS, *Appellee*, v. ROBERT CLINTON HUNZIKER, *Appellant*.

Opinion filed February 22, 2002.

*Paul R. Oller*, of Hays, for appellant.

*Edward C. Hageman*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., GERNON and GREEN, JJ.

GREEN, J.: Robert C. Hunziker was convicted of felony criminal damage to property and misdemeanor theft and ordered to pay restitution. On appeal, Hunziker contends that the trial court abused its discretion when it ordered restitution for items other than the fair market value of the damaged property. In addition, Hunziker contends that the court erred when it included the vic-

tim's attorney fees in the restitution order. Finally, Hunziker contends that the trial court wrongly failed to consider his other financial obligations before imposing the restitution order. We affirm in part, reverse in part, and remand with directions.

Robert C. Hunziker pled guilty to felony criminal damage to property and misdemeanor theft. Hunziker was granted probation. One of Hunziker's probation conditions was to pay restitution to Floyd Van Loenen, the victim of the criminal damage to property.

At the restitution hearing, Van Loenen testified he was a part-time farmer and backhoe operator. In 1979, he purchased a 1975 John Deere backhoe for $12,500. Hunziker and his codefendant damaged Van Loenen's backhoe by breaking it with a crowbar and setting it on fire. Van Loenen furnished pictures of the damaged backhoe. Although Van Loenen claimed the backhoe's condition was the same as the day he purchased it, he did not know the fair market value of the backhoe immediately before it was damaged. Instead, he provided itemizations of his damages. Van Loenen summarized his request for restitution as follows:

| | |
|---|---:|
| Repairs | $ 9,311.32 |
| Replace and mount tires | 1,018.97 |
| Lost work | 2,115.00 |
| Hired work to complete jobs | 400.00 |
| Towing expenses | 125.88 |
| Mileage (four trips, 220 miles per round trip to check repairs) | 272.80 |
| Touch-up paint | 21.97 |
| Private attorney fees | 700.00 |
| Total | $13,965.94 |

The claim for lost work was based upon calls that Van Loenen received for work and charges he would have made for that work had his backhoe not been damaged. Van Loenen explained that two-thirds of the lost work amount was profit and one-third would be his expenses. Van Loenen also requested statutory interest on the restitution order.

Hunziker's codefendant presented evidence showing that the fair market value of Van Loenen's backhoe before it was damaged

ranged from $7,500 to $8,750. Hunziker argued that the trial court could only award the lesser amount of either the fair market value of the backhoe or the repairs for the physical damage to the backhoe, which included the touch-up paint. He contended the trial court had no authority to order restitution for work that was not performed, attorney fees, or interest, and left to the trial court's discretion any restitution orders regarding the remaining expenses.

The trial court ordered Hunziker to pay the following restitution amounts jointly and severally with the codefendant:

| | |
|---|---|
| Tractor (fair market value) | $ 8,750.00 |
| Lost work (two-thirds profit of $2,115) | 1,410.00 |
| Hired work | 400.00 |
| Towing expenses | 125.88 |
| Mileage | 272.80 |
| Touch-up paint | 21.97 |
| Van Loenen's private attorney fees | 700.00 |
| Total | $11,680.65 |

The trial court also ordered Hunziker to pay interest on the restitution amount at the judgment rate. Hunziker was ordered to pay $200 per month until the restitution was paid in full.

In *State v. Casto*, 22 Kan. App. 2d 152, 153-54, 912 P.2d 772 (1996), we set out our standard of review as follows:

"A sentencing court has substantial discretion when ordering the amount of restitution. [Citation omitted.] Moreover, the method of determining the amount of restitution is a matter within the discretion of the trial court. [Citation omitted.] Judicial discretion is abused only where no reasonable person would take the view adopted by the court. [Citation omitted.]"

*Argument*

Hunziker does not contest the reasonableness of the amount that the trial court ordered for each type of damage. Rather, he argues that only the physical damage to the property can be ordered as restitution under K.S.A. 2001 Supp. 21-4610(d)(1). According to Hunziker, the trial court abused its discretion by awarding restitution for the other damages.

In sentencing the defendant to a nonprison sentence, the trial court shall order the defendant to comply with a probation con-

dition for "reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, . . . unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2001 Supp. 21-4610(d)(1). K.S.A. 2001 Supp. 21-4610(d)(1) requires the trial court to order restitution for the offense of conviction. The purpose of restitution is to compensate the victim and deter and rehabilitate the defendant. Restitution imposed as a condition of probation is an option which the defendant may voluntarily exercise to avoid serving an active sentence. *State v. Applegate*, 266 Kan. 1072, 1075, 976 P.2d 936 (1999).

In support of his argument, Hunziker cites *Casto*, 22 Kan. App. 2d 152. In *Casto*, the defendant damaged the victim's tractor and challenged the trial court's computation of the amount of restitution. This court reversed the trial court's restitution order because it failed to consider the value of the tractor after the repairs were made and gave two methods to determine the amount of restitution. It then stated that under either method, "the restitution amount should not exceed the reasonable market value of the tractor immediately before the damage." 22 Kan. App. 2d at 154. Clearly, *Casto* addresses only the computation method for physical damage to property and is not about limitations on the different types of damages a trial court may order as a part of restitution.

Hunziker failed to challenge below the trial court's authority to order restitution for hired work, towing expenses, or mileage. As a result, he cannot now claim that the trial court lacked authority to do so. "An issue not presented to the trial court will not be considered for the first time on appeal. [Citation omitted.]" *State v. Smith*, 268 Kan. 222, 243, 993 P.2d 1213 (1999).

Nevertheless, Hunziker did dispute the damages for the touch-up paint and lost work. The touch-up paint should not have been included in the restitution because it would have been a repair expense. Here, the trial court ordered Hunziker to pay the full amount of the fair market value for the backhoe. By including the touch-up paint expenses, the amount awarded for the damage to the backhoe exceeded its fair market value. Thus, the trial court erred in ordering restitution for the touch-up paint. Under *Castro*,

the restitution order in the amount of $21.97 for the touch-up paint was improper.

Now we turn our attention to the issue of lost work. The restitution order for lost work to a business would be analogous to restitution orders for lost wages to an employee. Our Supreme Court has allowed such orders. See *State v. Beechum*, 251 Kan. 194, 202-03, 833 P.2d 988 (1992) (defendant murdered ex-wife; as a result of the murder, victim's son went to New York to live with his father; the court affirmed the trial court's restitution orders that defendant pay the airfare expenses and the father's lost wages to accompany the son to New York). As a result, the trial court properly ordered restitution for lost work or profits.

The only remaining damages that Hunziker challenged below were attorney fees and interest. On appeal, Hunziker presents no argument or authority regarding the order to pay interest. He provides arguments and authority only for the order to pay Van Loenen's private attorney fees. As a result, we consider the order to pay interest to be abandoned. When a point is incidentally raised but not argued, it is deemed abandoned. *Campbell v. City of Leavenworth*, 28 Kan. App. 2d 120, 126, 13 P.3d 917 (2000), *rev. denied* 270 Kan. 897 (2001).

Hunziker maintains that he cannot be ordered to pay Van Loenen's private attorney fees because attorney fees are allowed in only two instances: (1) when agreed to by the parties or (2) when authorized by statute. He cites the general principles for awarding attorney fees in civil cases as stated in *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 908 P.2d 1329 (1995). Kansas does not allow a trial court to award attorney fees unless authorized by statute or by agreement of the parties. Further, a trial court cannot order attorney fees under its equitable powers unless authorized by statute. 21 Kan. App. 2d at 905-06.

As the State points out, although Hunziker has cited authority for the general rule on attorney fees in civil cases, he has not cited any authority that applies to restitution orders in criminal cases. Moreover, the statutes for restitution in criminal cases mandate that the victim be compensated for actual losses.

Restitution orders as a condition of probation in criminal proceedings and a judgment for damages in a civil proceeding are separate and independent remedies under Kansas law. *Applegate*, 266 Kan. at 1078. K.S.A. 2001 Supp. 21-4610(d)(1) is a general statement of the legislature's intent and does not specify the procedures for determining the amount of damages and payment that can be ordered as restitution, unlike other state and federal restitution statutes. 266 Kan. at 1077-78. It is clear, however,that the legislature intended the courts to broadly interpret K.S.A. 2001 Supp. 21-4610 regarding restitution orders. *State v. Yost*, 232 Kan. 370, 374, 654 P.2d 458 (1982), *rev'd on other grounds State v. Haines*, 238 Kan. 478, 712 P.2d 1211 (1986).

Under K.S.A. 2001 Supp. 21-4610(d)(1), the trial court can order as restitution the amount of reparation or restitution that reimburses the victim for the actual loss suffered or caused by the defendant's crime. *Applegate*, 266 Kan. at 1078. Thus, the restitution order cannot require the defendant to pay an amount exceeding the amount of actual loss suffered by the victim. 266 Kan. at 1079. Kansas has not specifically addressed whether the victim's attorney fees are such damages.

Our case law is clear that the amount of restitution determined by the trial court must have a causal link between the victim's damages and the defendant's unlawful conduct. *Beechum*, 251 Kan. at 202-03 (causal connection existed between defendant murdering his ex-wife and expenses father incurred to accompany victim's son to New York to live with him); *State v. Bausch*, 29 Kan. App. 2d 649, 29 P.3d 989, *rev. denied* 272 Kan. 1420 (2001) (causal connection existed between defendant's felony theft and the employer's damages for the amount of the theft and the expenses for photocopying and auditing to determine the amount of loss); *State v. Wells*, 18 Kan. App. 2d 735, 736-37, 861 P.2d 828 (1993) (causal connection existed between victim's medical expenses and defendant's battery when he acted in concert with others); *State v. Hargis*, 5 Kan. App. 2d 608, 611, 620 P.2d 1181 (1980), *rev. denied* 229 Kan. 671 (1981) (causal connection existed between defendant's unlawful use of a firearm and victim's wounds when defendant's gun discharged).

Restitution orders, however, do have limitations. "Not all tangential costs incurred as a result of a crime should be subject to restitution." *Beechum*, 251 Kan. at 203. Other states utilizing a proximate causation analysis have determined a victim's attorney fees are damages that a trial court can order a defendant to pay as restitution. See *Com. v. Harner*, 533 Pa. 14, 617 A.2d (1992) (The defendant was convicted of interference with custody of children. The father, who had legal custody of the children, incurred attorney fees as well as other expenses in regaining custody of the children. The appellate court affirmed the trial court's decision that the defendant had to pay the father's expenses, including his attorney fees, as restitution); *People v. Lyon*, 49 Cal. App. 4th 1521, 57 Cal. Rptr. 2d 415 (1996) (The defendant was convicted of embezzlement, grand theft, and unauthorized destruction of computer data. The trial court sentenced defendant to prison and ordered restitution, including the victim's attorney fees. The appellate court determined that victim's response to preserve defendant's assets and recover a small portion of actual loss was a necessary and logical result of defendant's criminal conduct and allowed attorney fees incurred for that purpose); *People v. Wright*, 18 P.3d 816 (Colo. App. 2000), *cert. denied* Feb. 20, 2001 (The defendant was convicted of defrauding a secured creditor. The victim had recovered the property in a replevin action. The trial court ordered the defendant to pay restitution for the victim's attorney fees incurred in the replevin action. The appellate court concluded that the victim's expenses in recovering his collateral were the direct result of defendant's fraudulent act of selling the collateral; thus, the expenses were properly awarded as restitution); *Arling v. State*, 559 So. 2d 1274 (Fla. Dist. App. 1990) (The defendant was convicted of dealing in stolen property. The jewelry store that bought the stolen property incurred attorney fees in an interpleader action filed by the sheriff to determine who was entitled to possession of the stolen property. The appellate court held it was reasonably foreseeable to a person who deals in stolen property that his or her acts may result in a third party filing litigation to determine the rightful owner of that property; as a result, it affirmed the trial court's decision to causally link the victim's at-

torney fees to the criminal offense); *State v. Christensen*, 100 Wash. App. 534, 997 P.2d 1010 (2000) (The defendant, a former lawyer, was convicted of stealing from his clients. One victim recovered part of her loss by hiring an attorney and settling with defendant's malpractice insurance carrier. Her attorney deducted his fees from the settlement. The trial court ordered the defendant to pay a restitution amount that, in effect, included the victim's attorney fees. In affirming the trial court, the appellate court held that the victim's attorney fees were a direct result of defendant's offense).

In summary, the trial court may award attorney fees if there is a causal connection between the victim's attorney fees and the defendant's criminal conduct. Here, Van Loenen's response to Hunziker's criminal conduct was to seek legal advice on what he could recover as damages and how he could recover those damages. Van Loenen's retaining of an attorney to determine and to document Van Loenen's damages was a reasonable and logical result of Hunziker's criminal conduct. As a result, the trial court properly ordered Hunziker to pay Van Loenen's attorney fees as restitution in the criminal proceeding.

Next, Hunziker argues that under K.S.A. 2001 Supp. 21-4610(d)(1), a trial court cannot order a plan for restitution that was unworkable. He contends the monthly payment for restitution ordered by the trial court was unworkable because the trial court failed to consider his financial resources in determining the amount of restitution.

The trial court first inquired of Hunziker's codefendant about his employment, child support, and the monthly payments he had been making to the court pending the restitution hearing. When the trial court then asked Hunziker how much he had been paying while reporting on probation, Hunziker responded $125 per month. His attorney then told the court that Hunziker understood he would be on probation until full restitution had been paid and that Hunziker had a child on the way. He also told the trial court that he advised Hunziker to make every effort to get the restitution paid within 1 year because if he did not, his probation would be extended.

It appears the trial court was beginning to ask Hunziker about his financial conditions as it had asked Hunziker's codefendant when Hunziker's attorney advised the trial court he had informed Hunziker to pay any restitution orders within a year. Moreover, Hunziker did not argue to the trial court that its restitution plan was unworkable. When the defendant failed to challenge the restitution plan before the trial court, the issue was not preserved for appeal. *Wells*, 18 Kan. App. 2d at 737. As a result, Hunziker's argument fails.

Affirmed in part, reversed in part, and remanded with directions to reduce the restitution order by the amount of $21.97.