No. 86,861

STATE OF KANSAS, *Appellee*, v. ROBERT CLINTON HUNZIKER, *Appellant*.

(56 P.3d 202)

Opinion filed October 25, 2002.

*Paul R. Oller,* of Hays, argued the cause and was on the briefs for appellant.

*Edward C. Hageman,* county attorney, waived oral argument, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Robert Clinton Hunziker, from his plea of guilty to one felony count of criminal damage to property and one count of misdemeanor theft. At the restitution hearing, the district court ordered that Hunziker

and his codefendant, Nicholas D. Cox, would be required to pay the attorney fees incurred by the victim for consultation in preparation of the restitution memo presented to the court. In addition, the court ordered them to pay for the market value of a damaged backhoe, towing expenses, mileage, touch-up paint, work hired, and lost profits. Hunziker appealed, contesting the restitution ordered by the district court and the amount of his required monthly payment. Cox also filed an appeal.

Both Hunziker and Cox questioned the district court's inclusion of the victim's attorney fees in the restitution order. In Hunziker's case, the Court of Appeals determined that attorney fees should be included as restitution, but in Cox's case, the Court of Appeals held that attorney fees should not have been included as part of the restitution order. See *State v. Hunziker*, 30 Kan. App. 2d 279, 41 P.3d 880 (2002); *State v. Cox*, 30 Kan. App. 2d 407, 42 P.3d 182 (2002). We granted Hunziker's petition for review to resolve the conflicting decisions of the Court of Appeals.

Hunziker's convictions arose from an incident on August 16, 2000, in which Hunziker and Cox took traffic cones and a barricade belonging to the City of Palco and burned a pasture, trees, and Floyd Van Loenen's backhoe tractor. Hunziker entered a plea of guilty in the District Court of Rooks County, Kansas, to one count of felony criminal damage to property and one count of misdemeanor theft. District Judge Thomas L. Toepfer suspended Hunziker's 6-month jail sentence and placed him on 1 year of probation under the supervision of the Court Services Officer. Hunziker was ordered to begin paying $125 per month for court costs of $146, a $50 probation fee, restitution, and attorney fees. The question of the proper amount of restitution was reserved for determination at a later hearing.

The district court conducted a restitution hearing. At the hearing, Hunziker and Cox stipulated to $200 restitution to George Whisman for the damage to his pasture and trees. The remainder of the hearing concerned restitution for Van Loenen. Van Loenen testified that he had hired a personal attorney, Randall Weller, to advise him since he was unfamiliar with court procedures and had never been to court.

A restitution booklet prepared by Weller tallied the repair bills for Van Loenen's backhoe, jobs lost, miscellaneous expenses, and attorney fees, plus statutory interest for claimed restitution damages of $14,403.47. The list included $9,311.32 for repairs; $1,018.97 to replace and mount new tires; $2,115 for lost work; $400 to hire someone to complete jobs; $125.88 in towing expenses; $272.80 in mileage to check the repairs; $21.97 for touch-up paint; and $700 for private attorney fees. Hunziker, however, had introduced an exhibit showing that the fair market value of the 1975 backhoe would range from $7,500 to $8,750. In response to Judge Toepfer's questions, Van Loenen testified that the expenses associated with backhoe work generally would cost him one-third of the gross income.

After hearing the oral arguments of counsel for the parties, the district court stated:

"I think I'm ready to make my decision. This is a senseless act, there's no question about that, and I think the defendants admitted that at the time of their sentencing. Mr. Van Loenen obviously had a tractor that he felt comfortable with and enjoyed and it was important to him and for no good reason that tractor was essentially destroyed.

. . . .

". . . I will find therefore that the value in terms of the tractor is the fair market value as estimated by Murphy Tractor and Equipment, and I for this purpose, because there is testimony that it was a good tractor in good condition and well maintained, I'm going to accept the higher value of $8,750.

"With regard to the lost work, the itemized jobs lost, there is $2,115 gross revenue. I'm going to reduce that by one-third which is $705, that would be the necessary expenses that he didn't have to expend. The net on that would be $1,410.

"The Becker Company bill apparently is a bill that he had to pay, that's $400, and I will award that. The miscellaneous items I believe are all fair and reasonable. I think Mr. Weller's fees are reasonable, and I think they should be included to the full amount. I think it's $700 instead of $450. So there's an additional $250 that needed to be added to that figure of $870.65.

"Regarding interest, I believe that interest is an appropriate factor in case of restitution. It is lost money and should be paid unless counsel has case law to the contrary. I'm not aware of any."

Hunziker filed a timely appeal of the district court's restitution order. The Hunziker appeal was heard by the Court of Appeals.

That court found that a trial court may award attorney fees if a causal connection exists between the defendant's criminal conduct and the victim's attorney fees. The court held that Van Loenen's retainer of an attorney was a "reasonable and logical result" of Hunziker's criminal conduct. 30 Kan. App. 2d 286. Ultimately, the court held that the district court correctly included Van Loenen's attorney fees in the restitution order. In addition, the court found that since Hunziker failed to argue to the trial court that the restitution plan was financially unworkable, the issue of the trial court's consideration of his financial obligations was not preserved for appeal.

Following the Court of Appeals' decision, Hunziker petitioned this court for review, based on the conflicting Court of Appeals' decision in his codefendant's case. In *Cox*, the Court of Appeals decided that it was the county attorney's duty to compute the victim's losses and to advise the court on restitution and found that Van Loenen's attorney fees were not a "direct result" of the defendant's criminal acts. Consequently, in *Cox*, the court reversed the trial court's imposition of private attorney fees in the restitution order.

This court granted Hunziker's petition for review due to the conflicting Court of Appeals' decisions.

We begin with a determination of the proper standard of appellate review of a sentencing court's imposition of restitution. Both parties cite *State v. Casto*, 22 Kan. App. 2d 152, 912 P.2d 772 (1996), as authority for the proposition that the correct standard of appellate review for restitution as a condition of probation is abuse of discretion.

While "[t]he sentencing judge has considerable discretion in determining the *amount* of restitution under K.S.A. 21-4610(d)(1)," (emphasis added) *State v. Applegate*, 266 Kan. 1072, Syl. ¶ 3, 976 P.2d 936 (1999), "the terms of K.S.A. [2001] Supp. 21-4610(d) specific to restitution controls its imposition as a condition of probation." *State v. Hymer*, 271 Kan. 716, 723-24, 26 P.3d 63 (2001). Although K.S.A. 2001 Supp. 21-4610(d)(1) makes restitution a mandatory condition of probation, the statute also acts to restrict the scope of permissible restitution orders and limits the otherwise

broad grant of authority given to the sentencing court. See *Hymer*, 271 Kan. at 724; *State v. Yost*, 232 Kan. 370, 374-75, 654 P.2d 458 (1982), *overruled in part on other grounds State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986).

The amount of restitution and manner in which it is made to the aggrieved party is to be determined by the court exercising its judicial discretion and is subject to abuse of discretion review. *Casto*, 22 Kan. App. 2d at 153-54. "Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure." 22 Kan. App. 2d at 154. Because K.S.A. 2001 Supp. 21-4610(d)(1) limits the imposition of restitution to "damage or loss caused by the defendant's crime," the question of whether an item claimed by the aggrieved party as loss qualifies for inclusion in a restitution order because it was caused by the defendant's offense is a question of law. See *Walker v. State*, 26 Kan. App. 2d 410, 411, 938 P.2d 283, *rev. denied* 268 Kan. 896 (1999). An appellate court's review of conclusions of law is unlimited. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 689-90, 984 P.2d 719 (1999).

## I. RESTITUTION IN EXCESS OF FAIR MARKET VALUE

Hunziker's first assertion is that the district court erred by requiring him to pay a total restitution amount in excess of the market value of the damaged property.

"A sentencing court has substantial discretion when ordering the amount of restitution. [Citation omitted.] Moreover, the method of determining the amount of restitution is a matter within the discretion of the trial court. [Citation omitted.]" *Casto*, 22 Kan. App. 2d at 153.

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *Applegate*, 266 Kan. at 1079, citing *State v. Davidson*, 264 Kan. 44, 56, 954 P.2d 702 (1998), and *Saucedo v. Winger*, 252 Kan. 718, 850 P.2d 908 (1993).

Hunziker argues that under *Casto*, 22 Kan. App. 2d at 154, "a victim of a property crime is entitled to restitution only up to the amount of his or her loss." Hunziker states that the total restitution

to Van Loenen should not have exceeded $8,750, the fair market value of the tractor determined at the restitution hearing.

Judge Green, writing on behalf of the Court of Appeals, observed:

"Hunziker does not contest the reasonableness of the amount that the trial court ordered for each type of damage. Rather, he argues that only the physical damage to the property can be ordered as restitution under K.S.A. 2001 Supp. 21-4610(d)(1). According to Hunziker, the trial court abused its discretion by awarding restitution for the other damages." *Hunziker*, 30 Kan. App. 2d at 281.

The State argues that Hunziker reads *Casto* too narrowly and asserts that the *Applegate* decision held that, under 21-4610(d)(1), the measure of restitution or reparation to be ordered is "the amount that reimburses the victim for the actual loss suffered." 266 Kan. at 1079. According to the State, Van Loenen suffered additional loss beyond the value of his tractor, and neither statutory nor case law limits his recovery to a single item.

K.S.A. 2001 Supp. 21-4610(d)(1) states, in pertinent part:

"In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court shall order the defendant to comply with each of the following conditions:

"(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

In addition to ordering restitution for the market value of the backhoe, the district court ordered Hunziker to pay restitution to Van Loenen for hired work, towing expenses, mileage, touch-up paint, lost work, interest, and Van Loenen's private attorney fees.

As the Court of Appeals noted, Hunziker did not dispute the district court's authority to order restitution for towing expenses, mileage, or hired work; thus, he cannot challenge the district court's authority to do so for the first time on appeal. *Hunziker*, 30 Kan. App. 2d at 282. Issues not raised before the trial court cannot be raised on appeal. *State v. Crume*, 271 Kan. 87, 98, 22 P.3d 1057 (2001). In addition, the Court of Appeals found that Hunziker had abandoned his challenge concerning the propriety of interest

charges on appeal and, therefore, upheld the district court's award of interest. *Hunziker*, 30 Kan. App. 2d at 283.

Further, the Court of Appeals upheld the district court's award of restitution to Van Loenen for lost work, finding that an award to compensate a victim for lost work was analogous to restitution orders for an employee's lost wages. *Hunziker*, 30 Kan. App. 2d at 283. The Court of Appeals based its decision on *State v. Beechum*, 251 Kan. 194, 202-03, 833 P.2d 988 (1992), where this court upheld the trial court's order of restitution for airfare to transport a murder victim's 12-year-old son to New York and wages lost by the boy's father so that he could take custody of his son. *Hunziker*, 30 Kan. App. 2d at 283.

Before this court, Hunziker presents no opposition to the Court of Appeals' decision upholding the district court's award of restitution for lost work. Neither does Hunziker challenge the Court of Appeals' determination that he abandoned his objection to the district court's imposition of interest. This court need not consider issues that are not presented in an appellant's petition for review or fairly included therein. Supreme Court Rule 8.03(a)(5)(c) (2001 Kan. Ct. R. Annot. 56).

Hunziker did, however, challenge the propriety of restitution damages for touch-up paint, lost work, and attorney fees before the district court. First, we will address the propriety of the restitution order for lost work and touch-up paint, and then consider the award of restitution for attorney fees.

On appeal, in *Hunziker*, the Court of Appeals held that the touch-up paint expense in the amount of $21.97 was improper under *Casto* and found:

"In support of his argument, Hunziker cites *Casto*, 22 Kan. App. 2d 152. In *Casto*, the defendant damaged the victim's tractor and challenged the trial court's computation of the amount of restitution. [The Court of Appeals] reversed the trial court's restitution order because it failed to consider the value of the tractor after the repairs were made and gave two methods to determine the amount of restitution. It then stated that under either method, 'the restitution amount should not exceed the reasonable market value of the tractor immediately before the damage.' 22 Kan. App. 2d at 154. Clearly, *Casto* addresses only the computation method for physical damage to property and is not about limitations on the dif-

ferent types of damages a trial court may order as a part of restitution." *Hunziker*, 30 Kan. App. 2d at 282.

The *Casto* court wrote:

"We find no Kansas case which provides a formula for determining restitution in criminal cases. Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure. A victim of a property crime is entitled to restitution only up to the amount of his or her loss. [Citation omitted.]" 22 Kan. App. 2d at 154.

The *Casto* court based its decision in part on *State v. Hinckley*, 13 Kan. App. 2d 417, 419, 777 P.2d 857 (1989). There, defendant Hinckley pled nolo contendere to two counts each of burglary and felony theft but later appealed the amount of restitution. The State had offered evidence of the replacement value of the stolen property rather than the actual value of the property at the time it was stolen. In *Hinckley*, the Court of Appeals reversed the sentencing court's restitution order because the "sum ordered clearly requires the defendant to pay a sum of money in excess of the amount of damage his criminal conduct caused the victim." 13 Kan. App. 2d at 419.

In *Applegate*, the State appealed the district court's finding that a settlement in a civil suit fulfilled the defendant's criminal restitution obligation. There, we noted:

"Restitution is not merely victim compensation but also serves the functions of deterrence and rehabilitation of the guilty. *State v. Hinckley*, 13 Kan. App. 2d 417, 419, 777 P.2d 857 (1989). Restitution imposed as a condition of probation is not a legal obligation equivalent to a civil judgment, but rather an option which may be voluntarily exercised by the defendant to avoid serving an active sentence. [Citations omitted.] The sentencing judge has considerable discretion in determining the amount of restitution, but the court must, pursuant to K.S.A. 21-4610(d)(1), order restitution for the offense of conviction. [Citation omitted.]" 266 Kan. at 1075.

In *Applegate*, this court reviewed the Arizona case of *State v. Iniguez*, 169 Ariz. 533, 821 P.2d 194 (1991). In *Iniguez*, the Arizona Supreme Court upheld the trial court's determination that the Arizona restitution statutes should fully compensate the victim for economic loss but should not bestow a windfall on the victim. 169 Ariz. at 537. " 'Because a primary purpose of restitution is to make

the victim whole, and the other aim of restitution is rehabilitative rather than punitive, payment beyond that necessary to compensate does not serve the Legislature's purposes.' 169 Ariz. at 537." *Applegate,* 266 Kan. at 1076-77. "The measure of reparation or restitution to be ordered, pursuant to K.S.A. 21-4610(d)(1), is the amount that reimburses the victim for the actual loss suffered." 266 Kan. at 1079. In *Applegate,* this court concluded that the district judge had not abused his discretion in finding that the civil settlement satisfied defendant's restitution requirement. 266 Kan. at 1080.

We find no indication in K.S.A. 2001 Supp. 21-4610(d)(1) or in Kansas case law that an aggrieved party is limited to recovering restitution solely for damaged property. There is no language in K.S.A. 2001 Supp. 21-4610(d)(1) limiting restitution solely to property damage or property loss. When granting probation, a court is required to order restitution for "damage or loss caused by the defendant's crime." K.S.A. 2001 Supp. 21-4610(d)(1). Thus, the district court did not err by directing Hunziker to pay restitution for losses caused by his crime in addition to the physical damage to the backhoe tractor.

However, the *Hunziker* panel correctly found that, since the district court ordered restitution for the fair market value of the backhoe, the touch-up paint expense should not have been compensated. The district court's award of $21.97 for touch-up paint for the backhoe was in excess of the fair market value of the backhoe and, thus, exceeded the total loss incurred by Van Loenen for that piece of equipment.

## II. ATTORNEY FEES AS RESTITUTION

We turn now to Hunziker's principal assertion on appeal. Hunziker contends that the district court erred in requiring him to pay restitution for Van Loenen's private attorney fees. Hunziker asks this court to reverse the restitution order and direct the district court to prepare a new journal entry reflecting the correct amount of restitution.

"A court lacks authority to assess attorney fees under its equitable powers absent statutory authority. *United States Fidelity & Guaranty Co. v. Maish,* 21 Kan. App.

2d 885, 905-06, 908 P.2d 1329 (1995). Here, whether the trial court had the authority to impose attorney fees is a question of law; our review is plenary. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998)." *Walker*, 26 Kan. App. 2d at 411.

The State's position is that Van Loenen's payment of the private attorney fees was caused by Hunziker's commission of a crime and is therefore compensable as restitution under K.S.A. 2001 Supp. 21-4610(d)(1). Without citing any case law in support of its position, the State points out that the cases cited by Hunziker are not criminal cases; thus, the State contends that no legal authority supports Hunziker's position. Finally, the State argues that if the legislature disagrees with the award of private attorney fees as restitution in criminal cases, then the legislature can amend 21-4610(d)(1).

In his briefs, Hunziker sets forth several reasons why he believes the restitution should not have been awarded for Van Loenen's private attorney fees. First, we consider Hunziker's argument concerning cases where the Tenth Circuit Court of Appeals has reversed restitution orders for a victim's attorney fees under the federal Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3663 (2000).

Due to the VWPA's explicit language limiting an award of restitution in cases of destruction or loss of property to only those losses "sustained by any victim as a result of the offense" (18 U.S.C. § 3663), federal courts generally will not order restitution for a victim's consequential attorney fees. See *Hughey v. United States*, 495 U.S. 411, 413, 109 L. Ed. 2d 408, 110 S. Ct. 1979 (1990) (interpreting predecessor to 18 U.S.C. § 3663 to permit restitution only for those losses caused by "specific conduct that is the basis of the offense of conviction"); *United States v. Patty*, 992 F.2d 1045, 1049 (10th Cir. 1993) (holding that "attorney fees incurred by the victim to recover his property are not directly related to the defendant's criminal conduct and thus are not recoverable in restitution under the VWPA" and overturning "any attorney fees not directly related to Defendant's criminal conduct"); *United States v. Mullins*, 971 F.2d 1138, 1147 (4th Cir. 1992) (denying restitution

for legal fees incurred in an effort to recover equipment taken through fraud).

As this court noted in *Applegate*, K.S.A. 2001 Supp. 21-4610(d)(1) provides "only a general statement of the legislature's intent," in contrast with the VWPA, "which provide[s] a very specific statement for determining the amount and payment of restitution." 266 Kan. at 1077. We decline to apply federal case law based on the mandates of a specific federal statute as authority for an interpretation of our more general statute.

Next, we turn our attention to Hunziker's comparison of the victim's private attorney fees to investigation expenses by a governmental agency, which are not recoverable as restitution or reparations. In *Cox*, the Court of Appeals briefly addressed this issue and found:

"The record is very limited on what services Van Loenen's attorney did provide. The district court file includes a letter written by the attorney to the defendants' attorneys and the trial court. He stated he and Van Loenen had been to a court hearing in early October and agreed to give the final amount Van Loenen would be requesting for reimbursement. He also stated the restitution amount requested was $15,302.24 and the supporting documentation was available. The county attorney appeared at all hearings on behalf of the State. There is nothing in this record to indicate what Van Loenen's attorney did, when he did it, the time he spent doing it, or his hourly fee for doing it. There is no finding by the court that the fee was reasonable or necessary. It appears Van Loenen retained the attorney to determine and document Van Loenen's damages.

. . . .

"Based upon the record, Van Loenen's attorney did not act as prosecutor, assistant prosecutor, or special prosecutor, and the State's attorney did not relinquish his prosecutorial duties to Van Loenen's attorney. The attorney was hired by Van Loenen to act as his privately retained attorney and maintained his allegiance to Van Loenen and not the State. The attorney fee was an expense incurred by Van Loenen and not the State." *Cox*, 30 Kan. App. 2d at 409-10.

Hunziker's comparison of the victim's attorney fees to investigation costs incurred by a governmental entity advances a strained analogy, at best. Private attorney fees for individual representation cannot be compared to costs of investigation of a government agency. Thus, we decline to rely on the case law cited by Hunziker finding investigation costs unrecoverable as restitution as a basis for our decision in this case.

Next, Hunziker contends that such an award is contrary to the American Rule, long followed by Kansas courts, which states that a court may not impose attorney fees unless authorized by statute or by prior agreement of the parties. In support, Hunziker cites *State v. Dugan,* 29 Kan. App. 2d 71, 25 P.3d 145 (2001), where the State moved for attorney fees and costs related to the defendant's appeal of the imposition of a presumptive sentence. There, although the Court of Appeals agreed that the defendant's appeal was frivolous, Judge Green wrote:

"Although [Supreme Court Rule 7.07(c) (2001 Kan. Ct. R. Annot. 52)] appears to give the appellate courts blanket authority to order attorney fees based on frivolous appeals, Kansas follows the American Rule that courts do not have authority to award attorney fees except when authorized by statute or agreed to by the parties. See *United States Fidelity & Guaranty Co. v. Maish,* 21 Kan. App. 2d 885, 905, 908 P.2d 1329 (1995). Likewise, a court does not have authority to impose attorney fees under its equitable powers in the absence of statutory authorization. [Citation omitted.]" 29 Kan. App. 2d at 73-74.

Hunziker contends that K.S.A. 2001 Supp. 21-4610(d)(1) does not authorize restitution for attorney fees and concludes that since the parties did not agree to restitution for attorney fees, the district court erred in requiring him to pay the victim's attorney fees. The accuracy of Hunziker's assertion is predicated on the conclusion that 21-4610(d)(1) does not permit restitution damages for attorney fees.

In Kansas, restitution for a victim's damages or loss depends on the establishment of a causal link between the defendant's unlawful conduct and the victim's damages. *Beechum,* 251 Kan. at 202-03. "Not all tangential costs incurred as a result of a crime should be subject to restitution." *Beechum,* 251 Kan. 194, Syl. ¶ 3.

"The fee of $700 allowed as restitution accomplished nothing insofar as the prosecution of Cox was concerned. It has no causal connection to the crime of criminal damage to property. The order allowing it is reversed." *Cox,* 30 Kan. App. 2d at 414.

We find that Van Loenen's retention of an attorney was not a direct result of Hunziker's criminal conduct. Here, there was no need to trace embezzled funds, recreate destroyed data, or recover stolen property. Because Van Loenen's private attorney fees only

arose as an indirect or consequential result of Hunziker's crime, we reverse the order allowing $700 in attorney fees as restitution.

## III. OTHER FINANCIAL OBLIGATIONS

Finally, Hunziker asserts that under K.S.A. 2001 Supp. 21-4610(d)(1), the district court erred by ordering a restitution payment plan that was unworkable.

"A sentencing court has substantial discretion when ordering the amount of restitution. [Citation omitted.] Moreover, the method of determining the amount of restitution is a matter within the discretion of the trial court. [Citation omitted.] Judicial discretion is abused only where no reasonable person would take the view adopted by the court. [Citation omitted.]" *Casto*, 22 Kan. App. 2d at 153-54.

Hunziker argues that, under K.S.A. 2001 Supp. 21-4610(c)(8), *State v. Loffer*, 24 Kan. App. 2d 495, 947 P.2d 458 (1997), *rev. denied* 263 Kan. 889 (1998), and *Applegate*, 266 Kan. 1072, the district court was required to institute a plan of restitution that considered the amount of support he is required to provide to his dependents. Hunziker asserts that the district court failed to consider the fact that he had "a child on the way." He further contends that because Kansas statutes require him to provide support to his dependent child, his monthly restitution payments are unworkable.

The State contends that the district court did not abuse its discretion in setting the restitution payments. According to the State, the district judge did consider Hunziker's financial condition before setting the monthly minimum restitution payment at $200 per month.

The Court of Appeals wrote:

"The trial court first inquired of Hunziker's codefendant about his employment, child support, and the monthly payments he had been making to the court pending the restitution hearing. When the trial court then asked Hunziker how much he had been paying while reporting on probation, Hunziker responded $125 per month. His attorney then told the court that Hunziker understood he would be on probation until full restitution had been paid and that Hunziker had a child on the way. He also told the trial court that he advised Hunziker to make every effort to get the restitution paid within 1 year because if he did not, his probation would be extended.

"It appears the trial court was beginning to ask Hunziker about his financial conditions as it had asked Hunziker's codefendant when Hunziker's attorney advised the trial court he had informed Hunziker to pay any restitution orders within

a year. Moreover, Hunziker did not argue to the trial court that its restitution plan was unworkable. When the defendant failed to challenge the restitution plan before the trial court, the issue was not preserved for appeal. [Citation omitted.] As a result, Hunziker's argument fails." 30 Kan. App. 2d at 286-87.

Hunziker's attorney advised the district court of the fact that Hunziker had a child on the way. Further, counsel told the court that Hunziker would "make every effort" to get the restitution paid within the year. The district judge ruled:

"Well, you gentlemen got yourself into this, and, you know, if it means getting a part-time job on weekends or evenings to make some money to repay this gentleman at a greater rate, I think you are going to need to do that. I really think you both need to be paying $200 a month. That may mean you are going to have to find some additional work. Otherwise this will never get paid off. The interest will keep going and you will be on probation forever, and the minute you miss a payment you are going to be back before me and I may have to put you in jail and I don't want to have to do that."

The district judge allowed 1 month before the $200 payments would begin in order to give Hunziker and Cox time to find additional work. Counsel for Hunziker made no objection to the district court's ruling on the monthly amount of restitution payments.

The Court of Appeals correctly determined that Hunziker failed to preserve the issue for appeal. Issues not raised before the trial court generally cannot be raised on appeal. *Crume*, 271 Kan. at 98.

Affirmed in part, reversed in part, and remanded with directions to reduce the restitution order by the amount of $721.97.

LARSON, S.J., assigned.