(61 P.3d 106)

No. 88,534

STATE OF KANSAS, *Appellee,* v. GARRY L. SAMMONS, *Appellant.*

Opinion filed January 17, 2003.

*Julia S. Spainhour,* assistant appellate defender, for appellant.

*Michael A. Russell,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before GREEN, P.J., MARQUARDT, J., and JOHN E. SANDERS, District Judge, assigned.

MARQUARDT, J.: Garry L. Sammons appeals from an order of restitution. We affirm.

In August 2001, Sammons was charged with one count of aggravated burglary. Sammons pled guilty as charged in exchange for an agreed upon downward durational departure. Sammons was sentenced to 42 months' incarceration, which was a substantial downward departure.

At Sammon's sentencing hearing, the trial court did not address the issue of restitution. Later, the trial court held a hearing to determine the issue of restitution.

At the hearing, the victim, Joseph Taylor, testified that he lost numerous tools during the burglary. The officers investigating the burglary at the time of Sammons' arrest noticed that there were many tools in the back of Sammons' truck and told Taylor about

them. However, Taylor did not look in the truck and did not realize that those tools had been taken from his business.

After Taylor discovered the loss of his tools and reported it to the police the next morning, he was never contacted by the police about his missing tools. The tow report for Sammons' truck listed a red tool box and miscellaneous tools. The police did not prepare any property reports or take possession of the tools taken from Taylor's business. The truck was then sold, and the tools were not recovered.

The trial court found that Sammons took the tools—he admitted putting them in his truck; however, the trial court acknowledged that someone "dropped the ball" in dealing with the property removed from Taylor's business. The trial court commented that someone who admits to stealing is not "entitled to perfect police work or making sure that they get back to the victim." The trial court ordered Sammons to pay restitution in the amount of $1,935 and assessed "$400 or $500" towards the cost of the tools. Sammons timely appeals the restitution order.

Sammons contends that an order of restitution is dependent upon the causal link between the victim's damages and the defendant's unlawful conduct. Sammons argues that Taylor's loss was actually caused by the intervening negligent act of the police and he should not be required to pay restitution for the loss of the tools.

The sentencing court has substantial discretion when ordering the amount of restitution. *State v. Hinckley*, 13 Kan. App. 2d 417, 418, 777 P.2d 857 (1989). The method of determining the amount of any required restitution is a matter within the discretion of the trial court. *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993).

Our case law is clear that the amount of restitution determined by the trial court must have a causal link between the victim's damages and the defendant's unlawful conduct. Restitution orders have limits. Not all tangential costs incurred as a result of a crime should be subject to restitution. See *State v. Hunziker*, 30 Kan. App. 2d 279, 284, 41 P.3d 880 (2002), *aff'd* 274 Kan. 655, 56 P.3d 202 (2002).

The precise issue raised by Sammons has not been addressed by the Kansas appellate courts. However, we did find a similar case from Utah. In *State v. McBride*, 940 P.2d 539 (Utah App. 1997), David McBride was stopped by the police while driving a stolen car. After making the arrest, the police erroneously transcribed the vehicle's identification number. As a result of the error, the police were unable to contact the true owner of the vehicle. An impound lot subsequently sold the car, and the owner was left without his vehicle. After a hearing, the trial court ordered McBride to pay restitution to the owner for the car. McBride appealed.

The court held that it was impossible to find that the negligence of the police was so unforeseeable as to supersede the fault of McBride in causing the loss. In addition, the court held that it was clear that but for McBride's criminal act, the loss would not have occurred. The court rejected McBride's arguments concerning intervening and superseding negligence. 940 P.2d at 543-44.

We find the reasoning of the Utah court persuasive. Where property has been stolen, the foreseeable negligence of the police is not an intervening and superseding event that releases the defendant from liability for the stolen property. Sammons admitted that he took Taylor's tools. But for Sammons' criminal act of burglary, the tools would have remained in Taylor's business. In addition, we do not believe that the negligence of the police was so unforeseeable as to break the causal connection between Sammons' act and Taylor's loss. The trial court did not abuse its discretion by requiring Sammons to pay restitution for the partial cost of the tools.

Affirmed.