No. 88,534

STATE OF KANSAS, *Appellee*, v. GARRY L. SAMMONS, *Appellant*.

(78 P.3d 470)

Opinion filed October 31, 2003.

*Julia S. Spainhour*, assistant appellate defender, was on the brief for appellant.

*Michael A. Russell*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Pursuant to a plea agreement, Garry L. Sammons pled guilty to aggravated burglary (K.S.A. 21-3716), a severity level 5 offense, and received a 42-month prison term. Following an evidentiary hearing, restitution was ordered in the amount of $1,935. Defendant appealed the portion of the restitution allocated to tools. The Court of Appeals affirmed the trial court. *State v. Sammons*, 31 Kan. App. 2d 135, 61 P.3d 106 (2003). The matter is before us on petition for review.

## FACTS

There is no dispute as to the facts. The burglary occurred in August 2001. At the plea hearing, the defendant described the crime as follows.

"I used a crowbar to open a wooden back door to an adjacent side of the bar, The Roadhouse, at 6532 Kaw Drive I think it is. I then opened another door on the inside, and went inside, and proceeded to pry open some game machines where they put in a dollar, five, ten, twenty dollar bills, and they play these little machines. I also took some — took a bag of tools and a tool box full of tools and put them in the back of my truck. . . . And I had the bag full of money when the police officers caught me walking to my truck."

While the police were at the crime scene, the victim was advised that there were tools, including burglary tools, in the back of de-

fendant's truck. The victim did not realize tools had been stolen from him until a few hours later. He then telephoned police headquarters and asked that the missing tools be added to his loss report. The truck already had been towed to a lot. No property report on the tools was prepared by the police relative to the tools, and the truck was ultimately sold. The tools were not recovered.

The victim testified as to his losses at the restitution hearing. Defendant objected to any restitution being ordered for the tools as he blamed the negligence of the police for their loss. The trial court acknowledged someone at the police department had "dropped the ball" relative to the tools but that this did not relieve defendant of liability for their loss as he had admitted to stealing them. Specifically the trial court stated:

"I'm going to grant restitution in the amount of 1,935. And that's reducing the total that I have there on the tools.

"It was [the victim's] testimony that that was the cost of those and that's not the criteria for restitution. It's the fair market value. That in light of the fact that they were lost by the police department, I'm assessing approximately 400 or $500 for those."

## DISCUSSION

Defendant argues that the cause of the victim's loss of the tools was the intervening negligent act of the police, and he should not be required to pay restitution for their loss. He contends the tool restitution allowance constituted an abuse of judicial discretion and that the Court of Appeals erred in holding otherwise.

The Court of Appeals reasoned as follows:

"Our case law is clear that the amount of restitution determined by the trial court must have a causal link between the victim's damages and the defendant's unlawful conduct. Restitution orders have limits. Not all tangential costs incurred as a result of a crime should be subject to restitution. See *State v. Hunziker*, 30 Kan. App. 2d 279, 284, 41 P.3d 880, *aff'd* 274 Kan. 655, 56 P.3d 202 (2002).

"The precise issue raised by Sammons has not been addressed by the Kansas appellate courts. However, we did find a similar case from Utah. In *State v. McBride*, 940 P.2d 539 (Utah App. 1997), David McBride was stopped by the police while driving a stolen car. After making the arrest, the police erroneously transcribed the vehicle's identification number. As a result of the error, the police were unable to contact the true owner of the vehicle. An impound lot subsequently

sold the car, and the owner was left without his vehicle. After a hearing, the trial court ordered McBride to pay restitution to the owner for the car. McBride appealed.

"The court held that it was impossible to find that the negligence of the police was so unforeseeable as to supersede the fault of McBride in causing the loss. In addition, the court held that it was clear that but for McBride's criminal act, the loss would not have occurred. The court rejected McBride's arguments concerning intervening and superseding negligence. 940 P.2d at 543-44.

"We find the reasoning of the Utah court persuasive. Where property has been stolen, the foreseeable negligence of the police is not an intervening and superseding event that releases the defendant from liability for the stolen property. Sammons admitted that he took Taylor's tools. But for Sammons' criminal act of burglary, the tools would have remained in Taylor's business. In addition, we do not believe that the negligence of the police was so unforeseeable as to break the causal connection between Sammons' act and Taylor's loss. The trial court did not abuse its discretion by requiring Sammons to pay restitution for the partial cost of the tools." 31 Kan. App. 2d at 136-37.

We agree with the result reached by the Court of Appeals but not its rationale. Foreseeability of police negligence is not the appropriate criterion to be applied. *State v. McBride*, 940 P.2d 539 (Utah App. 1997), relied upon by the Court of Appeals, was pled down to a joyriding offense. The restitution issue involved application of the Utah restitution statutory scheme. After summarizing the applicable statute, the Utah court stated:

"[O]ur focus becomes whether Martinez 'could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities.' " 940 P.2d at 542.

McBride argued that (1) intervening police negligence relieved him of all liability for restitution; and, alternatively, (2) comparative negligence law should be applied in determining the amount of restitution. The Utah court, applying Utah law, held against defendant on both claims as the facts would not support a civil conversion action. The rationale focused on foreseeability of the police negligence.

Kansas does not have a similar restitution statutory scheme. As correctly noted by the Court of Appeals in its opinion, "the amount of restitution determined by the trial court must have a causal link between the victim's damages and the defendant's unlawful conduct." 31 Kan. App. 2d at 136 (citing *State v. Hunziker*, 30 Kan.

App. 2d 279, 284, 41 P.3d 880 *aff'd* 274 Kan. 655, 56 P.3d 202 [2002]).

At the restitution hearing, defendant testified that "whatever was in the back of [his] pickup truck when the police towed [his] truck was [the victim's] property." On cross-examination, defendant made further admissions:

"Q. [Prosecutor]: You would admit, Mr. Sammons, but for your action the tools wouldn't have been in the [pickup]?

"A. [Sammons]: That's absolutely right.

"Q. [Prosecutor]: If you wouldn't have broke into the business, [the victim] would have use of [the tools] today?

"A. [Sammons]: That's quite true, sir."

Defendant himself candidly and succinctly stated the causal link between the victim's damage and the defendant's unlawful conduct. Foreseeability of police negligence relative to the tools is not a factor to be considered in reviewing the restitution award herein.

We find no abuse of judicial discretion in the allowance of restitution.

The judgment of the Court of Appeals affirming the district court is affirmed. The judgment of the district court is affirmed.

BEIER, J., not participating.

WAHL, S.J., assigned.