NOT DESIGNATED FOR PUBLICATION

No. 121,202

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PEDRO DANIEL VASQUEZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed April 10, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN AND POWELL, JJ.

PER CURIAM: Pedro Vasquez received probation following his conviction for non-residential burglary. The judge ordered Vasquez to pay $33,560 in restitution to the victim of his crime, a shop owner. That figure included the replacement value of items stolen from the shop and business the owner lost because of Vasquez' crime.

On appeal, Vasquez says the restitution figure is unreliable because it was calculated based solely on the shop owner's testimony. But Vasquez didn't raise that objection at sentencing, so we cannot consider it for the first time on appeal. And even if we could, we would find no abuse of discretion in relying on the shop owner's testimony to calculate restitution.

1

Vasquez' burglary conviction was based on items he had stolen from Thomas Miller's auto body and paint shop. At Vasquez' sentencing hearing, Miller testified about the stolen items. When Miller discovered the break-in, he made a list of the missing items. The police returned some of those items to Miller. For the remaining items, Miller estimated the replacement value of each item. He based his estimates for some items on his memory of how much he had paid for them. For others, he used receipts or prices from stores in town. Based on these estimates, the total replacement cost of the unreturned items was $18,560.

Miller also testified that he lost business at his shop because of the burglary. Miller used several of the stolen items to complete auto repairs for customers; without them, he had to turn down clients seeking his shop's services. He named two customers he turned down who needed repairs for significant hail damage to their cars. The cars had about $7,500 and $5,000 in damage. He mentioned two other jobs that he turned down, including a custom paint job for a Chevy Camaro driven by a roadie of country-singer Toby Keith. In all, Miller estimated that he lost $15,000 in business because of the burglary.

Vasquez didn't object to Miller's calculations or present any evidence at the sentencing hearing on restitution. The court ordered that Vasquez pay Miller $33,560 in restitution: $18,560 for the stolen items and $15,000 for lost income.

ANALYSIS

On appeal, Vasquez argues that the district court abused its discretion in calculating restitution based solely on Miller's testimony. Vasquez says Miller's lay opinion about the value of the stolen items was not reliable evidence, so he asks us to

vacate the restitution order and remand for the district court to set a more appropriate figure.

But Vasquez didn't raise this argument in the district court at his sentencing hearing. Appellate courts like ours generally don't consider issues not raised in the trial court, including those involving restitution. See *State v. King*, 288 Kan. 333, 353-54, 204 P.3d 585 (2009); *State v. Hunziker*, 274 Kan. 655, 669, 56 P.3d 202 (2002); *State v. Herron*, 50 Kan. App. 2d 1058, 1061-62, 335 P.3d 1211 (2014). In other cases, we've said that a defendant preserved an objection to the restitution amount by raising it in a formal motion or at sentencing. *Herron*, 50 Kan. App. 2d at 1061-62. But Vasquez never objected in the district court to the restitution figure or the evidence on which it was based. So he has waived that objection and cannot raise it for the first time on appeal.

Even if Vasquez had properly presented his argument to the district court, we would still reject it under the straightforward rules that govern restitution. The district court must base its decision on reliable evidence to calculate a defensible restitution figure that reflects the victim's actual losses from the defendant's crime. The amount of restitution awarded is within the district court's discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Hall*, 297 Kan. 709, 711-14, 304 P.3d 677 (2013); *Hunziker*, 274 Kan. 655, Syl. ¶¶ 2-3.

We find no abuse of discretion in the district court's decision to rely on Miller's testimony to calculate restitution. His testimony was reliable evidence because the owner of property is presumed to be qualified to testify about its value. *Ultimate Chemical Co. v. Surface Transp. Intern., Inc.*, 232 Kan. 727, Syl. ¶ 4, 658 P.2d 1008 (1983). Vasquez was free to dispute Miller's testimony with evidence that his estimates were inaccurate, exaggerated, or unreliable. He didn't do so; he presented no evidence on restitution and offers no other reason why the $33,560 figure was indefensible. Because the district court

3

relied on reliable evidence to calculate a defensible restitution figure, we find no abuse of discretion.

On Vasquez' motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Vasquez' probation.

We affirm the district court's judgment.