NOT DESIGNATED FOR PUBLICATION

No. 123,426

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAWLIGA EUGENE ZIMMERMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed September 24, 2021. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Kawliga E. Zimmerman pleaded guilty to burglary and theft of an all-terrain vehicle (ATV). The ATV was recovered but the district court ordered Zimmerman to pay restitution to include, among other items, $350 for inspection and alignment work on the ATV. Zimmerman appeals that portion of the restitution assessment. Because we find substantial competent evidence to support the district court's finding that an inspection and alignment of the ATV Zimmerman stole and damaged were causally related to his crime of conviction, we affirm.

1

For purposes of this appeal, the facts are not in dispute. Zimmerman walked into Howel Jones' open shed and stole his ATV. Zimmerman also cut the wires of the ATV and punched the ignition through the dashboard. After finding Jones' ATV in Zimmerman's possession, Zimmerman waived his *Miranda* rights and told the officers that he grew tired of walking, so he took Jones' ATV out of the shed, pushed it up and over a hill, and started it by taking apart the ignition.

The State charged Zimmerman with two felonies, burglary and theft. The burglary charge related to entering Zimmerman's shed with the intent to commit a theft, and the theft charge refers to theft of the ATV. Zimmerman pleaded guilty to both charges.

At the sentencing hearing, the State requested, among other things, $439.07 for the victim's estimate for repairs, a service check, and an alignment on the ATV. There was not a dispute that Zimmerman cut all the ignition wires on the ATV and punched the ignition through the dashboard. Jones testified that he got the ignition replaced and the vehicle inspected to make sure "it was in good order that it didn't ruin the engine, damage anything other than just the ignition." He also stated he got the alignment checked because with the distance Zimmerman traveled and not knowing if he hit anything along the way, he "wanted to make sure it wasn't going to tear up [his] tires and wear everything out just because it wasn't properly aligned." This court takes judicial notice of something we are sure the parties were well aware, that the distance from the victim's shed, in Hutchinson, Kansas, to Zimmerman's residence in Chase, Kansas, is approximately 35 miles.

Jones testified that he had the ATV since November 2018, so approximately 19 months. It had been in one accident since he purchased it and he generally did the needed regular service himself. He had serviced it the month before the theft.

Jones provided the district court an estimate from Great Plains Motor Sport for $545.26 and one from Ely's for $439.07 for ignition repair. According to Jones, both estimates include the cost for a service check and alignment.

Zimmerman objected to paying for the ATV to receive "standard service associated with owning an ATV." After considering arguments from the parties the district court ordered Zimmerman to pay restitution in the full amount of the Ely's estimate, $439.07. Zimmerman timely appeals.

ANALYSIS

The sole issue in this case is whether the district court erred in the amount of restitution it ordered related to the repair of Jones' ATV. Of the $439.07 assessed, Zimmerman did not dispute that the assessment of the cost to replace the damaged ignition, which his attorney estimated at $185.08, was appropriate. It is unclear how Zimmerman arrived at this amount because it does not track either of the estimates submitted into evidence. That would leave a balance of $253.99 that he found objectionable before the district court. On appeal, Zimmerman argues more specifically that it is the $150 service check and the $200 alignment, itemized on the Ely's estimate, that he finds objectionable—a total of $350.

*Standard of Review*

Questions concerning the amount of restitution assessed against a defendant are generally reviewed under an abuse of discretion standard. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). That said, state statute requires that any restitution ordered in a criminal case must be based on "damage or loss caused by" the crime. K.S.A. 2020 Supp. 21-6604(b)(1). So although the district court has substantial discretion in the amount of restitution assessed, its decision must be supported by reliable evidence in the record

3

which "'yields a defensible restitution figure.'" *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002).

Moreover, restitution depends upon the establishment of a causal link between the defendant's crime and the victim's damages. Restitution may be allowed for some tangential costs linked to the crime. *State v. Alcala*, 301 Kan. 832, 837-39, 348 P.3d 570 (2015). Whether a district court's factual findings relating to the causal connection between the crime committed and the victim's loss are reviewed for substantial competent evidence. *Shank*, 304 Kan. at 93. Substantial evidence refers to legal and relevant evidence that a reasonable person would accept as adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

Given that Zimmerman's claim rests solely on whether the service and alignment fees were causally connected to his crime, we review the district court's decision for substantial competent evidence.

*There was substantial competent evidence to support the district court's implicit finding that service and alignment fees were causally connected to Zimmerman's crime.*

For crimes involving burglary and theft, restitution shall include the cost of repair, reasonable labor costs, and any reasonable costs used to abate or repair the damage. K.S.A. 2020 Supp. 21-6604(b)(1)(B). The requisite "causal link between a defendant's crime and the restitution damages for which the defendant is held liable must satisfy the traditional elements of proximate cause: cause-in-fact and legal causation." *State v. Arnett*, 307 Kan. 648, 655, 413 P.3d 787 (2018). *Arnett* explained that "causation-in-fact requires proof that it is more likely than not that, but for the defendant's conduct, the result would not have occurred," and that legal causation limits a defendant's liability to circumstances when the risk of harm from the defendant's conduct and the ensuing results were foreseeable. 307 Kan. at 654-55.

4

Here the State presented detailed testimony and evidence of Jones' loss because of Zimmerman's burglary and theft. We have no trouble concluding that the evidence was substantial to establish both cause-in-fact and legal causation between Jones' losses and Zimmerman's crimes. Any reasonable owner of property would want a vehicle inspected for damages that may not be immediately apparent. As Jones testified, he had the vehicle inspected to make sure "it was in good order that it didn't ruin the engine, damage anything other than just the ignition." But for Zimmerman's theft and violent damage to the ATV, such an inspection would not have been necessary.

Likewise, Jones testified that he had no idea at the time he recovered the vehicle in what manner and over what terrain the ATV had been driven. It was found miles away, not merely a few blocks away. The ATV was not very old and Jones had just serviced it himself a month earlier. This showed that he was a conscientious owner and knew it was in good working condition then. It would not be unreasonable for a responsible owner to also want to make sure the ATV was returned to the same condition so that collateral damages would not result when he used it. But for Zimmerman's actions, Jones would have no reason to have the ATV aligned when he did. This was not standard service associated with owning an ATV but was a service necessitated solely by Zimmerman's actions.

Affirmed.