NOT DESIGNATED FOR PUBLICATION

No. 116,618

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM J. ALEXANDER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed July 28, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., POWELL and GARDNER, JJ.


*Per Curiam*:  William J. Alexander contends that the district court abused its discretion in ordering $2,828.07 in restitution. We find that Alexander has not preserved his right to make this argument on appeal, so we affirm.


Alexander pleaded guilty to one count of aggravated battery after he beat a fellow inmate at the Reno County Correctional Facility. The Reno County Sheriff's Office submitted a restitution request totaling $2,828.07. Specifically, the Sheriff's Office requested $112.64 in overtime pay; $1,176.46 for "Lifeteam"; $183.75 for "[a]mbulance"; $82.50 for Wichita Specialists, PA; and $1,272.72 for Via Christi

1

Medical Center. The district court sentenced Alexander to 29 months' imprisonment and ordered Alexander to pay $2,828.07 in restitution. Alexander appeals.

*Alexander is not entitled to relief.*

On appeal, Alexander argues solely that the district court erred when it ordered $2,828.07 in restitution. Specifically, he argues the district court should not have included overtime pay in the restitution amount for the law enforcement officer who investigated the incident. We find that this issue is not properly before us, so we do not reach the merits.

Alexander invited any error regarding the amount of his restitution. A litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). At sentencing, Alexander's counsel told the district court: "We would not object to the $2,800.00 to the Reno County Sheriff's Department." Further, after the district court told him it was considering only the restitution requested by the State—not the victim—and the total amount was actually $2,828.07, Alexander's counsel replied, "Judge, we had that information ahead of time and I think I have nothing else to add, Judge." By expressly forgoing an objection to the imposition of $2,828.07 in restitution, Alexander agreed to the amount of restitution and effectively invited the error he complains of on appeal. See *State v. Jones*, No. 109,442, 2014 WL 1612459, at *1-2 (Kan. App. 2014) (unpublished opinion) (defendant's counsel invited error regarding amount of restitution when he declared "'we have no objection to that $400 . . . amount'"), *rev. denied* 301 Kan. 1050 (2015).

Alexander additionally failed to preserve this issue for appeal. Generally, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014); *State v. Hunziker*, 274 Kan. 655, 661, 56 P.3d 202 (2002) (defendant could not challenge district court's authority to order restitution for towing

expenses, mileage, or hired work for first time on appeal because he did not dispute district court's authority to order it as restitution below). Although exceptions to this rule exist, Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court warned that litigants who fail to comply with this rule do so at their own peril. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Alexander failed to object to the amount of restitution the district court awarded, so he did not raise this issue before the trial court. Nor does Alexander explain why this court should consider the issue for the first time on appeal. He has not complied with Rule 6.02(a)(5), so pursuant to *Godfrey* we deem the issue waived or abandoned.

Affirmed.